LEONARD *et al. v.* LONG ISLAND CITY.

*(Supreme Court, General Term, Second Department.  July 22, 1892.)*

1. FIRE DEPARTMENT—PURCHASE OF MATERIALS—POWERS OF COMMISSIONERS.
   Hose carriages come within Laws 1890, c. 232, § 3, authorizing the fire commissioners of Long Island City to purchase steam fire engines and "hose, implements, and apparatus of any and all kinds" for the use of the fire department.

2. SAME—WANT OF FUNDS.
   The fact that no fund was provided for the payment of the price of such articles could not affect the right of the seller to recover therefor.

3. SAME—ACCEPTANCE.
   The city having accepted and used such articles, became liable therefor upon a *quantum meruit*, there being no limitation on the power of the commissioners to purchase the same.

4. SAME—ANNUAL EXPENSES.
   Section 4 of the act, providing that the expenses of the fire department should not exceed $1,400 in any one year, does not apply to expenses incurred in purchasing engines and apparatus.

Appeal from special term, Kings county.

Action by Charles H. Leonard and others against Long Island City.  From an order overruling a demurrer to the complaint, defendant appeals.  Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

*S. B. Noble,* for appellant.  *Geo. L. Carlisle,* for respondents.

DYKMAN, J.  This is an appeal from an order, and an interlocutory judgment entered thereon, overruling a demurrer to the complaint in this action. The complaint is for goods sold and delivered, and alleges in substance that, under and in pursuance of the authority of chapter 232 of the Laws of 1890, the board of fire commissioners of Long Island City, acting in behalf of that city as its duly-authorized agent, and with power to bind it, purchased and received three hose carriages and other merchandise, for which the board promised to pay $2,107.25, and that they have been accepted by and are in use by said board and the defendant.  The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against it.  The demurrer was overruled, as we have seen, and the defendant has appealed.

The property described in the complaint was purchased by the board of fire commissioners of Long Island City under the provisions of chapter 232 of the Laws of 1890, and this action is prosecuted under that law.  By section 3 of that act the board of fire commissioners were directed to "contract for, purchase, and procure at least three steam fire engines for the use of said fire department, together with the necessary horses, hose, supplies, tools, implements, and apparatus necessary and proper to be used in extinguishing fires," and they were thereby "authorized and empowered to purchase and provide at least three steam fire engines, with the supplies, horses, tools, hose, implement, and apparatus of any and all kinds for use of said department."  The section thus clothes the board of commissioners with full and ample power to purchase the articles described in the complaint, for they all fall easily within the term "implements and apparatus" for use of said department.  The fact that no fund is provided for the payment of the articles which the commissioners were authorized to purchase is not material to the cause of action. There is, moreover, another principle, which imposes liability upon this defendant for the property furnished.  The tenth allegation of the complaint is, "that all of said merchandise mentioned above and so purchased and received. were supplies, tools, implements, and apparatus necessary and proper to be used in extinguishing fires, and have been accepted by, and are in use by, said board and this defendant, as plaintiffs are informed and verily believe."  The

facts so charged being admitted, render the defendant liable upon a *quantum meruit.* The statute contains no limitation of the powers of the board to make contracts for implements and apparatus for the use of the fire department. The power to make the contract for such articles existed, and the city has had the benefit of the articles and is liable for their value. *Kramrath* v. *City of Albany,* 127 N. Y. 581, 28 N. E. Rep. 400. It does not seem reasonable to attribute to the legislature the design to include within the annual estimate of expenses required by section 4 of the act, and which was not to exceed $1,400 in any one year, the cost of the engines and other apparatus, because the purchase price would exceed that sum, and it could not be included in the estimate each year, for it would not be incurred after the first year. We think, therefore, that section refers only to the annual estimate for the department expenses. Our conclusion is that the order and judgment should be affirmed, with costs.