MARGARET E. PURCELL, Respondent, *v.* LONG ISLAND CITY, Appellant.

*Municipal corporations — Long Island City — liable to a janitor for a wrongful discharge by the board of education.*

The charter of Long Island City makes the board of education and the school trustees the lawful instrumentalities of the city in caring for the public schools; and the appointment of a janitor for a school is a reasonable and necessary part of their duty.

The board in making such an appointment acts within the scope of its authority and for the benefit of the city; and the city is liable in damages to such an appointee who is discharged without cause before the expiration of her contract of employment.

APPEAL by the defendant, Long Island City, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 19th day of April, 1895, upon a verdict of a jury rendered by direction of the court after a trial at the Queens County Circuit.

*William E. Stewart*, for the appellant.

*I. Newton Williams*, for the respondent.

PRATT, J.:

This is an appeal from a judgment entered on a verdict directed by the court in an action for breach of contract in discharging plaintiff without cause before the expiration of her contract.

The plaintiff was appointed, in pursuance of a resolution adopted by the board of education of Long Island City, as janitress of one of the public schools in said city, for one year, commencing September 1, 1892, and ending August 31, 1893.

It was the duty of the defendant under its charter to establish and maintain schools.

The charter makes the board of education and the school trustees the lawful instrumentalities of the defendant for caring for the schools, and the appointment of a janitress is a reasonable and necessary part of their duties, and is within the scope of their authority and for the benefit of the defendant. (Laws of 1871, chap. 461, tit. 9.)

This principle has been decided by this General Term in effect. (See *Leonard* v. *Long Island City*, 20 N. Y. Supp. 26.)

This case must stand as an authority until it is overruled, and renders any discussion unnecessary.

There is no error in the rulings of the court upon the trial.

The judgment must be affirmed, with costs.

Brown, P. J., and Dykman, J., concurred.

Judgment affirmed, with costs.