EDWIN W. ADAMS and J. OSWALD JIMENIS, Respondents, *v.* THE ROSCOE LUMBER COMPANY, Appellant, Impleaded with JAMES MACKINTOSH.

1. SALE — DELIVERY OF POSSESSION UNDER CONDITIONAL SALE. If a sale of personal property was upon a condition to be performed by the vendee, such as the giving of a promissory note for the price, the title does not pass to the vendee until the condition has been fulfilled, although the property may have been actually delivered into his possession, unless the delivery was absolute and in completion of the contract, or the vendor has waived the condition.

2. WAIVER OF CONDITION A QUESTION OF FACT. The question whether the vendor of goods, by delivering them to the vendee without exacting a note on the giving of which the sale was conditioned, waived the condition, is a question of fact, depending upon the intention of the parties and all the circumstances attending the contract of sale and the delivery, including the previous course of business between the parties.

3. VERDICT BY DIRECTION — EFFECT UPON FACTS. When a verdict is directed by the court, after both parties have requested the direction of a verdict, and the unsuccessful party has not asked to go to the jury, the decision of the trial judge upon the facts has the same conclusive effect, on appeal, as if the jury had found the verdict upon a submission of the case to them.

4. EVIDENCE TENDING TO SHOW THAT CORPORATION IN POSSESSION OF GOODS IN SUCCESSION TO VENDEE WAS NOT AN INNOCENT PURCHASER. In an action by the vendor of goods, alleged to have been delivered under a condition which the vendee failed to fulfill, to recover possession thereof from a corporation which had acquired the vendee's business, the first annual report of the corporation is admissible in evidence on behalf of the plaintiff, as tending to prove that the corporation was not an innocent purchaser of the property, where it appears that the officers of the corporation in their individual capacity were actors in the transaction before the corporation was formed.

*Adams* v. *Roscoe Lumber Co.*, 2 App. Div. 47, affirmed.

(Argued May 3, 1899; decided May 12, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 11, 1896, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Geo. W. Stephens* for appellant.  The plaintiffs waived the condition that a note should be given as a condition for passing the title.  (*Parker* v. *Baxter*, 86 N. Y. 586; *Smith* v. *Lynes*, 5 N. Y. 41; *Osborn* v. *Gantz*, 60 N. Y. 540; *Hoskins* v. *Warren*, 115 Mass. 514; *Mount* v. *Lyon*, 49 N. Y. 552; *Paul* v. *Reed*, 52 N. H. 136; *Owens* v. *Wadman*, 82 Ill. 409; *Husted* v. *Ingraham*, 75 N. Y. 251; *Comer* v. *Cunningham*, 77 N. Y. 391; *Smith* v. *Dennie*, 6 Pick. 262.)  It was error on the part of the trial justice to admit in evidence the annual report of the Roscoe Lumber Company. (*Luby* v. *H. R. R. Co.*, 17 N. Y. 131; *Weeks* v. *Lowerre*, 8 Barb. 530; *Belden* v. *Nicolay*, 4 E. D. Smith, 14; *Decker* v. *Myers*, 31 How. Pr. 372; *People* v. *Thurston*, 2 Park. 49; *Battin* v. *Healey*, 36 How. Pr. 346; *Ray* v. *Smith*, 2 Hun, 597; *Stokes* v. *People*, 53 N. Y. 164; *Wilson* v. *Wilson*, 4 Keyes, 413; *Anderson* v. *R., W. & O. R. R. Co.*, 54 N. Y. 334.)

*Robert H. Wilson* for respondents.  The question as to whether or not the plaintiffs waived the giving of the promissory note was a question of fact and not of law.  (*Smith* v. *Lynes*, 5 N. Y. 41; *Osborn* v. *Gantz*, 60 N. Y. 540; *Parker* v. *Baxter*, 86 N. Y. 586; *E. S. F. Co.* v. *Grant*, 114 N. Y. 40; *Crosby* v. *D. & H. C. Co.*, 119 N. Y. 334.)  Both parties having asked for the direction of a verdict, clothed the court with the functions of a jury, and, the defendant having failed to request leave to go to the jury on the facts, the verdict for the plaintiffs stands as would the finding of a jury; and the evidence being such as would have warranted the jury in finding in favor of the plaintiffs, the defendant is bound conclusively by the verdict directed for the plaintiffs. (*Thompson* v. *Simpson*, 128 N. Y. 270; *Stratford* v. *Jones*, 97 N. Y. 586; *Koehler* v. *Adler*, 78 N. Y. 287.)  The trial court having found the facts in favor of the plaintiffs that there was no waiver, and the same having been affirmed by the Appellate Division, they must be deemed to be conclusively established, and this court will not review them.  (*Keasbey* v.

*B. C. Works*, 142 N. Y. 467; *McShane Co.* v. *Padian*, 142 N. Y. 707; *Crim* v. *Starkweather*, 136 N. Y. 635; *White* v. *Benjamin*, 150 N. Y. 258; *Matter of Rogers*, 153 N. Y. 316; *Boos* v. *W. M. L. Ins. Co.*, 64 N. Y. 236; *T. A. R. R. Co.* v. *Ebling*, 100 N. Y. 98; *N. S. Bank* v. *Rising*, 4 Hun, 793.) There was no error in the admission in evidence of the annual report of the Roscoe Lumber Company. (*Parker* v. *Baxter*, 86 N. Y. 591; *Smith* v. *Lynes*, 5 N. Y. 45; *Cragie* v. *Hadley*, 99 N. Y. 131; *Holden* v. *N. Y. & E. Bank*, 72 N. Y. 286.)

O'BRIEN, J. This was an action to recover possession of certain personal property, consisting of a quantity of lumber found to be of the value of $607.86. It is conceded that, prior to the time of the transaction, which will be presently referred to, plaintiffs were the owners of the lumber, and they parted with the possession by an executory contract of sale to the defendant Mackintosh, who agreed to purchase the same, and to pay for it by note at sixty days. The arrangement for the sale of the lumber was made by the plaintiffs' manager with certain persons who were in the employ of Mackintosh, one of them as manager, another as bookkeeper, and the other as foreman of the business. It seems that at the time of the making of this contract of sale the defendant Mackintosh was ill and unable to attend at his place of business, and the persons last referred to acted in his behalf in making the purchase of the lumber from the plaintiffs. The lumber was delivered to the vendee on or about the 10th of December, 1894, and as soon as the plaintiffs were advised that the delivery was completed, they mailed to the purchaser a statement showing the quantity of lumber delivered and the amount of the purchase price, and there was written upon the face of this statement a notice that the terms of payment were a note payable at sixty days from date. The plaintiffs, with this statement, also addressed a letter to the purchaser requesting him to send the note in accordance with these terms. The letter and statement were both received at the purchaser's place

of business, and the manager, bookkeeper and foreman had knowledge of the purchase and the terms, since they in fact participated in making the arrangement. The note was never delivered, and, after waiting a few days, the plaintiffs' agent, who had conducted the whole transaction, called at the office of the vendee for the note and failed to obtain it. He called several times afterwards, and the parties in charge of the business of the vendee put him off by excuses and promises that the note would be sent in due time. During the time from the date of sale to the delivery of the property, and for some days afterwards, while the plaintiffs' agent was endeavoring to procure the note according to the conditions of the sale, the manager, bookkeeper and foreman of the vendee, who had made the purchase in his behalf and were cognizant of all the facts, were engaged in forming a corporation for the purpose of acquiring the business and assets of the vendee, and when the corporation had been formed they refused to give the note and claimed that the corporation had become vested with the title to the lumber. Thereupon the plaintiffs brought this action upon the theory that the sale was conditional only upon delivery of the note representing the purchase price. Their position is that the arrangement constituted an executory contract of sale to be completed by the performance of simultaneous and concurrent acts by the buyer and seller, and that the title to the property did not pass until performance by the purchaser of the condition, which was the delivery of the note.

It is no doubt true that the title to the lumber would not pass to the vendee until the condition was fulfilled, although the property may have been actually delivered into his possession, unless the delivery was absolute and in completion of the contract or the plaintiffs had waived the condition. Both Mackintosh, the purchaser, and the lumber company were made defendants in the action, and the judgment is to the effect that the plaintiffs are entitled to the recovery of the possession of the lumber as demanded in the complaint.

The only defense to the action is that the plaintiffs, by their

acts and conduct, and especially by the delivery of the lumber without exacting from the purchaser the note, waived the condition, and that the title became absolute in the vendee and consequently in the lumber company which claims by transfer from him. It is quite apparent that the question as to whether or not the plaintiffs waived the condition upon the performance of which title was to vest in the purchaser was a question of fact and not of law. It depended entirely upon the intention of the parties and all the circumstances attending the contract of sale and the delivery, including the course of business that had previously existed between the parties, all of which were to be considered. (*Smith* v. *Lynes*, 5 N. Y. 41 ; *Osborn* v. *Gantz*, 60 id. 540 ; *Parker* v. *Baxter*, 86 id. 586 ; *Empire State Type Founding Co.* v. *Grant*, 114 N. Y. 40 ; *Crosby* v. *D. & H. Canal Co.*, 119 N. Y. 334.) Proof was given of all these facts and circumstances, and at the close of the case each party requested the court to direct a verdict in his favor. The court directed a verdict in favor of the plaintiffs for the value of the lumber, with damages for its detention, and the defendant excepted. The request by both parties for the direction of a verdict amounted to a submission of the whole case to the trial judge, and his decision upon the facts has the same effect as if the jury had found a verdict in the plaintiffs' favor after submitting the case to them. Under these circumstances the judgment is conclusive with respect to the two facts upon which the right of action depended : First, that the sale was conditional upon the delivery of the note, and hence the title did not pass until performance of the condition. Second, that the seller did not waive the performance of the condition by the delivery of the lumber without the note, or by the delay of two or three days in calling for it. It follows from these findings, which, in this court, are conclusive, that the title to the lumber did not vest in the purchaser, and it is not claimed that the lumber company has any better title to the property as against the plaintiffs than would the original vendee.

There is but one other question presented by the record

that calls for any notice, and that is an exception which was taken upon the trial in behalf of the defendant to the admission in evidence of a paper offered by the plaintiffs. The plaintiffs offered the first annual report of the trustees of the lumber company in evidence, and it was received under the defendant's objection and exception. It could not in a legal sense have much bearing upon the issues in the case one way or the other, but I think it was not error to admit it, for the reason that it appeared that the manager, foreman and bookkeeper of Mackintosh, the purchaser of the lumber, were the trustees of the new corporation, and since they had knowledge of all the facts and circumstances relating to the sale and delivery of this lumber, the plaintiffs had the right to prove that the corporation was not a *bona fide* purchaser, but was chargeable with knowledge of all the plaintiffs' rights. The paper proved or tended to prove that the three persons who were in the employ of the purchaser at the time of the transaction, and who participated in it, were the officers and managers of the corporation that claimed to have obtained title to the property through the sale. The evidence tended to prove that the corporation was not an innocent purchaser of the property, since its officers in their individual capacity were all actors in the transaction before the corporation was formed.

I think the judgment is right and should be affirmed.

All concur.

Judgment affirmed.