542

RANKEN v. DONOVAN et al.

,(Supreme Court, Appellate Division, Second Department. December 12, 1899.)

1. DIRECTION OF VERDICT—REQUEST—SUBMISSION TO JURY—RIGHT—WAIVER.
    Request for direction of a verdict without a subsequent request to go to
    the jury is a waiver of the right to go to the jury.
2. SAME—DEEDS—CREDIBILITY OF WITNESSES.
    In ejectment, defendants, claiming under a prior deed from the common
    ancestor to her daughter, proved by two witnesses, without contradiction,
    that the ancestor had deeded the property to her daughter with a parol
    reservation of a life use, and that after delivery to the grantee the deed was
    given to one of the witnesses as custodian, who was not to record it until
    after the grantor's death. In a subsequent litigation between the grantor
    and the custodian both witnesses had testified, but had omitted to make
    mention of this transaction. The grantor had retained possession for
    many years prior to her death, and had leased the property. Held, that
    though the circumstances entitled plaintiff to go to the jury on the ques-
    tion of the credibility of the witnesses, yet where he failed to request it,
    and waived his right, by requesting a verdict to be directed in his own
    favor, the court properly directed a verdict for defendants.
3. SAME—DEEDS—TESTAMENTARY DEVISE—GIFTS.
    A voluntary deed to the grantor's daughter, accompanied by a parol
    agreement to allow the grantor to retain possession, not to be recorded
    until after the grantor's death, and, though immediately delivered, to
    be held by a custodian until that time, was not a testamentary disposition
    of the property, but an absolute gift, the donor relying on the assurance of
    the donee to allow her to retain possession during life.
4. DEEDS—DELIVERY—SUBSEQUENT DEVISE.
    Where a deed is delivered to a custodian with instruction to deliver to
    the grantee on the grantor's death, the title vests at time of delivery to the
    custodian, and takes precedence over a subsequent devise of the same
    property by the grantor.
5. SAME—INTENT—EVIDENCE.
    Subsequent deeds and mortgages by a grantor after the conveyance of
    her property, though she remains in possession, are not admissible to show
    her intent in making the conveyance.

Appeal from trial term, Kings county.

Action by Henry Benton Ranken against Michael Donovan and
Cartwright McBride, as trustees under the will of Bessie C. Donovan,
deceased, and others. From a judgment for defendants, and from an
order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Jesse Johnson, for appellant.

George G. Reynolds, for respondents.

WILLARD BARTLETT, J. This is an action of ejectment,
brought to recover possession of the premises known as "No. 163 Lee
Avenue," in the borough of Brooklyn. The plaintiff claims title under
the will of his grandmother, Lydia W. Ranken, which devised to him
this property, and also No. 347 Keap street. That will was executed
on March 31, 1893. The testatrix died on February 11, 1895, aged
78 years. The defendants other than those who were sued as under-
tenants of the property in controversy are Michael Donovan and Cart-
wright McBride, who claim title as trustees under the last will and

testament of Bessie C. Donovan, deceased. Bessie C. Donovan was a daughter of Lydia W. Ranken, and the defense is that on September 18, 1884, Mrs. Ranken conveyed the premises to this daughter by a deed duly executed, acknowledged, and delivered, so that when Mrs. Ranken made her will in 1893 she had no interest in the property to devise to the plaintiff or any one else. The defendants admit, however, that by an agreement with the grantee her daughter, Mrs. Ranken, was allowed to retain, and did retain, possession of the property. A strong case was presented in support of this defense. According to the testimony of Mr. David Teese, a reputable member of the bar, who was present at the execution and delivery of the deed in September, 1884, whereby the house and lot No. 163 Lee avenue were transferred to Mrs. Donovan, two other pieces of property were conveyed to Mrs. Donovan at the same time, and a fourth piece was deeded to her infant child. Mrs. Ranken expressed apprehension lest some of her other children might attempt to break her will if she made one in favor of Mrs. Donovan, but remarked that they would know nothing about what she had done if deeds were made and were kept off record until after her death. Mr. Teese advised her that, if she made the deeds, she could not retain absolute control of the property, but would have to rely on Mrs. Donovan to permit her to have the use and enjoyment thereof. This Mrs. Donovan said she was willing to do. They then agreed to let Mr. McBride, who was an old-time friend of the family, act as custodian of the deeds; and, after the deeds were executed and actually delivered to Mrs. Donovan and her child, Mr. McBride took the instruments, and kept them, without ever placing them on record until after Mrs. Ranken's death. Mr. Teese's account of the transaction is corroborated by Mr. McBride, and is contradicted by no one. Nor was the credibility of these witnesses in any wise questioned, except by reason of the fact that they had omitted to make any mention of these deeds conveying the property to Mrs. Donovan in a litigation which arose in 1886 between Mrs. Ranken and Mr. McBride. In 1886 a suit was brought in the city court of Brooklyn by Lydia W. Ranken against Cartwright McBride to set aside a lease of eight pieces of Brooklyn property (including No. 163 Lee avenue) for $2,000 a year for a period of 10 years, which Mrs. Ranken alleged had been obtained from her by fraud and concealment on the part of McBride. Both Mr. Teese and McBride were witnesses on that trial, but neither of them then said anything about the deeds to Mrs. Donovan, which had been made back in 1884, and left in McBride's hands after delivery, as already stated. Although there was very little dispute in the evidence, there were two elements in the case which would have entitled the plaintiff to go to the jury if he had insisted upon his right to do so. The fact that Mrs. Ranken was allowed to retain possession of the property for so many years after the alleged conveyance thereof to Mrs. Donovan, during which period she leased it, as already mentioned, might be considered as creating some doubt as to whether the deeds were actually executed and delivered at the time and under the circumstances stated by Messrs. Teese and McBride. So, also, the omission of those gentlemen to say anything about the Donovan deeds when they were questioned as witnesses

on the trial in the city court of Brooklyn was a fact proper to take into account in passing upon the credibility of their testimony in the present case as to the circumstances under which the conveyances to Mrs. Donovan were made. See Ten Eyck' v. Whitbeck, 156 N. Y. 341, 50 N. E. 963. But the record shows that the plaintiff's counsel waived the right to go to the jury on this and all other questions in the case. He asked the court to direct a verdict in favor of his client, and made no subsequent request to have any issue submitted to the jury. By taking this course he consented that any disputed question of fact remaining in the case should be decided by the judge. Adams v. Lumber Co., 159 N. Y. 176, 53 N. E. 805. The court thereupon gave credit to the testimony of the two witnesses Teese and McBride, and directed a verdict for the defendants. This disposition of the case was not only warranted, but demanded, by the weight of evidence, unless there is some rule of law which precludes us from upholding the deeds to Mrs. Donovan. There appears to be no such obstacle. Assuming the transaction to have been what Messrs. Teese and McBride say it was, it is not to be deemed a testamentary disposition of Mrs. Ranken's property, but an absolute gift of real estate; the donor relying upon the assurance of the donee that she would allow the former to retain possession so long as the grantor lived. But, even if we take a different view, to the effect that the deed was really delivered to McBride with instructions to be finally delivered to Mrs. Donovan only upon Mrs. Ranken's death, the title, under such circumstances, would be deemed to have vested in Mrs. Donovan at the time of the original delivery to McBride, and the conveyance would thus take precedence of the will. Hathaway v. Payne, 34 N. Y. 92, 113. There was no error in the exclusion of evidence.

The offer to prove, upon which the court ruled adversely to the plaintiff, was substantially designed only to show that neither Teese nor McBride made any mention of the deeds to Mrs. Donovan in the testimony which they gave upon the trial of the suit in the city court of Brooklyn. Their silence concerning these deeds on that trial had already been proved by their own testimony in the present case. The deeds and mortgages executed by Mrs. Ranken after her deeds to Mrs. Donovan, and covering some of the same property, could not affect the title acquired by Mrs. Donovan. Walker v. Dunspaugh, 20 N. Y. 170; Vrooman v. King, 36 N. Y. 477. Nor were they receivable on the question of Mrs. Ranken's intent in making the conveyance to Mrs. Donovan. If they could be received on that theory, any grantor could defeat the title of a grantee by subsequently executing mortgages upon the property conveyed.

The judgment and order appealed from should be affirmed, with costs. All concur.