(49 App. Div. 131.)

McLEOD v. HUNTER.

(Supreme Court, Appellate Division, First Department.  March 9, 1900.)

APPEAL—ISSUE OF FACT—DETERMINATION OF TRIAL JUDGE.

Where the trial judge was authorized to determine a disputed question of fact, his determination cannot be reviewed on appeal, where there was any evidence to sustain it.

Appeal from trial term.

Action by Archibald A. McLeod against James C. Hunter.  From a judgment directed for plaintiff (61 N. Y. Supp. 73), defendant appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George S. Hastings, for appellant.
James Armstrong, for respondent.

RUMSEY, J.  At the close of the case each party asked for the direction of a verdict, and it was agreed that the court should take the papers, and determine the case as though the jury were present. As neither party asked to go to the jury, the court was authorized to determine any disputed question of fact, if there were such, and its determination cannot be reviewed here, if there was any evidence to sustain it.  Adams v. Lumber Co., 159 N. Y. 176, 53 N. E. 805.

The only disputed question of fact was whether there was any consideration for the note in suit.  The defendant was the owner of a considerable tract of land in the state of Minnesota, which he desired to explore for iron and other mineral deposits.  To enable him to do so, it was agreed that the plaintiff should advance to him $3,000, and further sums if required, to be used in such exploration, in return for which an interest in the land should be vested in the plaintiff.  There were other provisions in the contract, the effect of which was to vest in the plaintiff rights to the same extent in other lands which might be acquired by the defendant.  The plaintiff advanced $3,000 under this contract, which was used by the defendant for exploring his lands.  After that had been done, the defendant desired to rescind the contract, and made a proposition to the plaintiff to that end.  All these facts were undisputed. The only question as to which there was a dispute was as to the terms upon which the money was to be returned.  The plaintiff testified that when the defendant came to him asking to rescind the contract he proposed to pay back the money which had been advanced, and that accordingly he afterwards paid back $1,000 in cash, and gave the note as evidence of the remainder of the debt.  The testimony of the defendant might possibly be construed as a denial

of such fact, although he admitted giving the paper upon which the suit was brought; but, in any event, the court was justified in believing the plaintiff, and deciding that the note was given in part as the consideration for the rescission of the contract.

The determination of the learned trial justice was correct, and the judgment must be affirmed, with costs. All concur.

Judgment affirmed, with costs.