### GITTY v. ALLEN et al.

(Supreme Court, Appellate Division, Fourth Department.   June 19, 1901.)

MOTION FOR DIRECTED VERDICT—EFFECT—DISCHARGE OF JURY.
      Where at the close of the evidence each party moves for the direction
   of a verdict, the court may discharge the jury, and either decide the case
   at the trial, or direct that briefs be submitted and arguments heard
   later, as though the trial had been without a jury.

   Appeal from trial term, Erie county.
   Action by William Gitty against Henry C. Allen and others.
From a judgment in favor of defendants, plaintiff appeals.   Affirmed.
   Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and RUMSEY, JJ.

   Eugene W. Harrington, for appellant.
   Martin Clark, for respondents.

   RUMSEY, J.   This action was brought to recover rent due for
canal boats leased by the plaintiff to the defendants in the year

1898. The defendants admit the leasing, but allege that the canal boats were rented by the plaintiff for use upon a certain contract which the defendants then had with the state of New York upon the canal enlargement, and that the agreement was made with the express understanding that, if the work under the contract was stopped by order of the proper officials, the contract for the hire of the boats should cease and be at an end. It is further alleged that the work was stopped on the 16th of May, 1898, and has never been resumed, for which reason the defendants insist that they are not liable for rent beyond that time. The case came on for trial before the court and a jury. Evidence was given upon both sides. At the close of the testimony each party moved for a direction of a verdict, although the testimony was quite contradictory, and the evidence upon the question whether the contract contained the provisions alleged by the defendants could not be reconciled. Pending that motion the court discharged the jury from any further consideration of the case, and directed that briefs should be submitted, and that arguments would be heard at a later day. No objection was taken by either party to this course, and, in pursuance with those directions, briefs were submitted to the court, after which a decision was filed as in cases where a trial has been had before the court without a jury. The court sustained the claim of the defendants, and directed judgment to be entered for them. Exceptions were filed to this decision, and after judgment had been entered this appeal was taken.

There is nothing in the case to take it out of the usual rule that where, at the close of the evidence, each party moves for a direction of a verdict, the case thereupon becomes one for the determination of the court. If the court had seen fit, it might have decided the case at the trial; and, if there had been evidence to sustain its decision, it could not be here questioned. Persons v. Hawkins, 41 App. Div. 171, 58 N. Y. Supp. 831; McLeod v. Hunter, 49 App. Div. 131, 63 N. Y. Supp. 153. The fact that the court did not pursue this course, but preferred, rather, to continue the trial as though it had been had without a jury, is of no importance. At most, the only effect of it could be that this trial should be reviewed in the same manner as any other trial before a court without a jury; and this court may consider the evidence, and, if it comes to the conclusion that the decision was contrary to the facts, it may reverse the judgment and send the case back for a new trial. That has been done, and an examination of the case satisfies us that there was ample evidence to sustain the conclusion which the court reached, and for that reason the judgment must be affirmed, with costs. All concur.