## THE CHICAGO UNION TRACTION COMPANY

### *v.*

### PATRICK H. O'DONNELL, Admr.

*Opinion filed October 24, 1904.*

1. TRIAL—*what is not a waiver of right to have refusal of peremptory instruction reviewed.* Failure of defendant to present a peremptory instruction to find in his favor until the close of all the evidence, and requesting the court to instruct the jury generally as to the law of the case after his peremptory instruction is refused, is not a waiver of his right to have the refusal of the peremptory instruction reviewed.

2. SAME—*when question of contributory negligence is for the jury.* Whether plaintiff's intestate was exercising due care for his safety when crossing a street car track is properly left to the jury under evidence that he approached the crossing at an ordinary gait and had nearly cleared the track when he was struck by the car, which came at a high rate of speed without warning of its approach.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

JOHN A. ROSE, (W. W. GURLEY, of counsel,) for appellant.

KICKHAM SCANLAN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case brought by the appellee, against the appellant, in the circuit court of Cook county to recover damages for the death of William Julius, his intestate. The declaration contained four courts, the first and second of which alleged that on the 23d day of September, 1900, at the intersection of Peoria and VanBuren streets, in the city of Chicago, while said intestate was crossing the tracks of the defendant on VanBuren street with due care for his own safety, the defendant so negligently ran and operated a street car under its control that it struck said

Julius, by means whereof he was thrown down and the car passed over his body and he was killed. The third count charged the defendant with wantonly running over said Julius, and the fourth with a failure to sound a gong. The general issue was filed, and a trial before the court and a jury resulted in a verdict and judgment for $3780, which has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The accident occurred at 2:30 A. M. on Sunday, September 23, 1900. The evidence for the plaintiff tended to prove that Julius, while walking across VanBuren street from the north, on the east side of Peoria street, was struck by a west-bound VanBuren street electric car going at the rate of twelve or fifteen miles an hour, and was knocked down, run over and killed. The defendant, at the close of all the evidence, made a motion to instruct the jury to find in its favor, and presented to the court an instruction to that effect. The court declined to so instruct the jury, and the action of the court in that regard is the only assignment of error urged as a ground for reversal in this court.

It is contended by the appellee that the record in this case is so framed that the appellant cannot raise that question here, as it is said it waived its right to insist upon a review thereof, as it failed to make its motion at the close of the plaintiff's evidence and requested the court to give to the jury instructions involving a determination of facts by the jury after its motion had been overruled. It has been held that if a defendant introduce evidence after a motion to peremptorily instruct the jury in his favor has been overruled, unless he renew his motion at the close of all the evidence, or if he fail to offer an instruction with his motion, or if he submit a peremptory instruction with a series of instructions, he thereby waives, upon appeal or writ of error, his right to raise objection to the action of the trial court in refusing to peremptorily instruct in his favor. It has, however, never been held that a defendant waived his right to have reviewed the action of the trial court in refusing a per-

emptory instruction because it was offered for the first time at the close of all the evidence, or because after its refusal the defendant requested the court to instruct the jury generally as to the law of the case, but the practice is otherwise, as appears from many reported cases, among which are the cases of *Illinois Central Railroad Co.* v. *Nowicki,* 148 Ill. 29; *West Chicago Street Railroad Co.* v. *Liderman,* 187 id. 463; *North Chicago Street Railroad Co.* v. *Cossar,* 203 id. 608.

It is contended by the appellant that the court should have peremptorily instructed the jury to find in favor of the defendant, as it is said the evidence fails to show that Julius was in the exercise of due care for his own safety at the time of the accident. The question thus raised is one of fact, and if there is any evidence in the record tending to establish due care upon the part of the deceased at the time of the accident, the finding of the Appellate Court upon that question is binding upon this court and cannot be disturbed. The witness McDonald, who was the only person called by the plaintiff who witnessed the accident, testified that Julius was walking south upon Peoria street at an ordinary gait; that witness was going in the same direction, some seventy-five feet in his rear; that before he reached VanBuren street he started to cross Peoria street diagonally, intending to go to a saloon located at the north-west corner of Peoria and Van-Buren streets; that there was an electric light near the corner and that his view was unobstructed; that just as Julius reached the car line on VanBuren street he heard the gong of a street car sound, and instantly saw the car, which was going at the rate of twelve or fifteen miles an hour, strike Julius and knock him down; that he went to the car, which had stopped upon the west line of Peoria street, found Julius beneath the car, where he remained until the wrecker came, and the car was jacked up and the dead body of Julius was removed from beneath the car. We think the evidence of this witness fairly tends to support the verdict of the jury.

It is urged that as the deceased apparently walked upon the tracks without stopping to look or listen for an approach-

ing car, his conduct amounted, in law, to contributory negligence and should bar a recovery. The question of whether Julius was guilty of contributory negligence was a question of fact, which was properly left to the jury. The proof tends to show that Julius had almost cleared the track when he was struck; that the car approached the street crossing at a high rate of speed and that no warning of its approach was given. It was for the jury to say whether, under all the circumstances in proof, the conduct of the deceased was such at the time he was injured as to bar the plaintiff from a right to recover by reason of his negligence. *Chicago and Alton Railroad Co.* v. *Lewandowski,* 190 Ill. 301.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*