FRED W. WOLF, Appellee, vs. THE CHICAGO SIGN PRINT-
ING COMPANY, Appellant.

*Opinion filed April 23, 1908.*

1. TRIAL—*motion to direct a verdict raises only a question of law.* A motion to direct a verdict raises only a question of law as to the legal sufficiency of the evidence to sustain a verdict against the party making the motion, and in case of an adverse ruling on the motion an exception preserves the question of law for review by an appellate tribunal, even though questions of fact are submitted to the jury.

2. SAME—*effect where both parties ask for a directed verdict.* Under the practice in Illinois, the fact that each party moves to have a verdict directed in his favor does not amount to a waiver of trial by jury nor to a submission of both law and facts to the court, and if the court denies one motion and grants the other, the party whose motion is denied is not bound to accept the court's judgment as to controverted questions of fact, even though he made no request to have such facts submitted to the jury.

3. SAME—*when court may direct verdict for amount of check but not for interest.* In an action to recover the proceeds of a check claimed by plaintiff to be a loan and by the defendant to be the consideration for a contract which the plaintiff subsequently refused to perform, if the evidence shows that the contract was not a binding one, the court may, on motion, direct a verdict for the amount of the check; but it has no power to decide the controverted question of fact as to the character of the transaction and allow interest from the date of the transaction, upon the ground that it was a loan.

4. CONTRACTS—*force of an agreement to buy proposed increase of capital stock.* An agreement to take a certain portion of a proposed increase of capital stock in advance of any actual increase of stock by the stockholders at a meeting called for that purpose is not binding upon either party, although it may be carried out after the stockholders have voted the increase, if both parties see fit.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

CHESTER FIREBAUGH, and HENRY W. HUTTMANN, for appellant.

Scott, Bancroft & Stephens, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

Fred W. Wolf, appellee, brought this suit in assumpsit in the circuit court of Cook county against the Chicago Sign Printing Company, appellant, and his declaration consisted of the common counts, to which a plea of the general issue was filed. There was a jury trial, and at the close of all the evidence the defendant moved the court to direct a verdict in its favor. The court denied the motion and the defendant excepted. The plaintiff then moved the court to direct a verdict in his favor, and the court granted the motion and instructed the jury to find the issues for the plaintiff and assess his damages at $4000, with interest thereon at five per cent from August 19, 1902. The defendant excepted to the granting of the motion and giving the instruction. A verdict was returned, in accordance with the direction of the court, for $4716.66, and the court, after overruling motions for a new trial and in arrest of judgment, entered judgment on the verdict. The Branch Appellate Court for the First District affirmed the judgment.

The defendant is a corporation with a capital stock of $5000. In 1902 Ernest Salmstein was president and Albert H. Ernecke was secretary and treasurer of the corporation. The stockholders had considered the question of increasing the capital stock from $5000 to $25,000, and Salmstein and Ernecke had tried to induce the plaintiff to subscribe for part of the increase, but no proceedings had been taken for such increase. On August 18, 1902, Ernecke obtained from plaintiff a check, payable to the defendant, for $4000, and the proceeds were received by the defendant the next day. The suit was for the money represented by the check, with interest, and the disputed question of fact was whether the money was loaned by plaintiff to de-

fendant or was a partial payment upon an agreement to subscribe for $9500 of capital stock when an increase should be effected. At the time the check was delivered the following receipt was left with the plaintiff:

"CHICAGO, *8/18, 1902.*

"Received of Mr. Fred W. Wolf the sum of four thousand dollars ($4000) account Chicago Sign Printing Co.

A. H. ERNECKE,
*Secy. and Treas. Chicago Sign Printing Co.*

"$4000.00.                                             8/18, 1902.

"The above amount is part payment on stock in above concern to be issued shortly.

A. H. ERNECKE."

The evidence for the defendant was that this entire paper expressed the agreement between the parties and that it was all written when the check was given. The evidence for the plaintiff was that he had refused to take any stock, but agreed to and did loan the money to the corporation; that the receipt was written, and that the recital that the money was part payment on stock was added without his knowledge by Ernecke and the paper was left lying on the plaintiff's table. There was a special meeting of stockholders held September 20, 1902, at which they voted in favor of the proposed increase. In October or November, 1902, plaintiff wanted something to show for his money but refused to take any stock and claimed that he never agreed to do so. A certificate was made out for ninety-five shares of the capital stock for plaintiff, but he refused to take any stock and the whole scheme for an increase was abandoned. The plaintiff never received any notice of any stockholders' meeting and never attended any such meeting.

The assignment of error to which the argument is devoted is that the court erred in instructing the jury to return a verdict for the plaintiff, and especially in directing an assessment of interest from the date of the check. In answer to the argument on that question it is contended that each party having moved the court to direct a verdict in fa-

vor of such party, they waived the right to submit any question to the jury and elected to submit the case to the court for its decision, both upon the law and the facts. Section 60 of the Practice act provides for the waiver of a jury trial and a trial by the court of both matters of law and fact in case both parties shall so agree, and in the event of such agreement section 61 provides for submitting written propositions to be held as the law in the decision of the case, and section 82 provides for taking exceptions to decisions of the court either relating to receiving improper or rejecting proper testimony or to the final judgment upon the law and evidence. There was no such waiver of a jury trial in this case, and if the right to a verdict of the jury upon the facts was waived it was only by implication, and this court has not recognized any waiver of the kind insisted upon here.

When the practice of demurring to the evidence fell into disuse and that of making a motion that the court direct a verdict was substituted, some difference arose in the decisions of the different courts as to the nature and effect of such a motion, but the ground of the motion and the practice have been thoroughly settled in this State. The motion to direct a verdict raises only a question of law as to the legal sufficiency of the evidence to sustain a verdict against the party making the motion. (*Angus* v. *Chicago Trust and Savings Bank,* 170 Ill. 298; *Rack* v. *Chicago City Railway Co.* 173 id. 289; *Marshall* v. *Grosse Clothing Co.* 184 id. 421; *Martin* v. *Chicago and Northwestern Railway Co.* 194 id. 138.) In the event of an adverse ruling on the motion to direct a verdict, an exception preserves the question of law for the consideration of an appellate tribunal. The submission of a question of fact to the jury does not waive the question of law already passed upon by the court where the rights of the party have been properly preserved. (*Chicago Union Traction Co.* v. *O'Donnell,* 211 Ill. 349; *Illinois Central Railroad Co.* v. *Swift,* 213 id. 307; *Chicago Terminal Transfer Railroad Co.* v. *Schiavone,* 216 id. 275.)

Some courts have held that where both parties ask the trial court to direct the verdict it amounts to a request that the court shall find the facts and a waiver of any right to the judgment of the jury upon controverted questions of fact. The Supreme Court of the United States held to that doctrine in *Buettell* v. *Magone,* 157 U. S. 154, and said that by making the motion both parties affirmed that there was no disputed question of fact which could operate to deflect or control the question of law, and that this was necessarily a request that the court find the facts. That decision has, of course, been followed by the circuit court of appeals, and there is a formidable list of cases in which it has been applied by those courts. In New York, if any party asks the court to direct a verdict and his motion is denied, he must then ask the court for leave to go to the jury upon questions of fact, and it is held that there is no question for the jury unless such a request is made. Accordingly, it is there held that if both parties ask the court to direct a verdict, and the court grants the motion of one party and the other makes no request to be allowed to go to the jury on questions of fact but acquiesces in the determination of such questions by the court, he has waived all objection to the mode of trial. In *Thompson* v. *Simpson,* 128 N. Y. 270, it is said that the effect of a request by each party for a direction of a verdict in his favor clothes the court with the functions of a jury, and the courts declare that the request by both parties for the direction of a verdict amounts to the submission of the whole case to the trial judge, and his decision upon the facts has the same effect as if the jury had found a verdict after the case was submitted to them. (*Adams* v. *Roscoe Lumber Co.* 159 N. Y. 176; *Smith* v. *Weston,* id. 194; *Clason* v. *Baldwin,* 46 N. E. Rep. 322; *Sigua Iron Co.* v. *Brown,* 64 id. 194.) It will readily be seen that such a rule would not be in harmony with our decisions, and to say that a request to the court to decide a pure question of law clothes the court with power to decide

controverted questions of fact would be both illogical and inconsistent with the nature of the motion. Under our practice a request to withdraw a case from the jury could scarcely be converted into an application to the court to take the place of the jury and decide disputed questions of fact. After the court refuses to withdraw the case from the jury it is not requisite, in our practice, for the party to ask the court to allow the jury to decide it, which the court has already done by denying the motion. When one party asks the court to direct a verdict in his favor, the fact that the other party makes a similar motion cannot in any way affect the rights of the first party. If that were true, no party could make a motion for a directed verdict without waiving his right to trial by jury if his opponent chose to make the same motion. The decisions relied upon to establish the doctrine that if both parties ask the court to decide a question of law they each waive the right to trial by jury of controverted questions of fact are inapplicable to the practice in this State, and the fact that each party in this case asked the court to direct a verdict did not amount to a submission of controverted questions of fact to the court.

The power to increase the capital stock of a corporation can only be exercised by the stockholders at a meeting called to consider that question. No action of that kind had been taken at the time of the alleged agreement, and the defendant had no power to issue stock or to bind itself to issue it. Ernecke had no power to make any agreement involving an increase of the capital stock or to bind the stockholders or corporation that such an increase would be made. If such an arrangement was made between Ernecke and the plaintiff it might have been carried out after the stockholders voted to increase the capital stock, if both parties saw fit to do so; but the agreement was not binding on either. The agreement set up by the defendant was no defense to the action for the $4000, and the court might properly have directed a verdict for that amount.

It is contended that there is no difference between the alleged agreement and an agreement to subscribe for stock in the original organization of a corporation. But there is a clear distinction, which is pointed out in *St. Paul, S. & F. Railroad Co.* v. *Robbins*, 23 Minn. 439, and *Baltimore* v. *Hamilton*, 77 Md. 341. A subscription to capital stock of a corporation not yet organized is taken by commissioners appointed for that purpose and authorized by the statute to receive subscriptions. The subscriber becomes entitled to participate in the organization of the corporation and is entitled to the stock when issued. When the stock is all subscribed the commissioners are to convene a meeting of the subscribers for the purpose of electing directors or managers and the transaction of such other business as shall come before them. The subscriber, in such a case, acquires rights, while in this case, if the arrangement was made, there was no valid contract.

The question whether interest could be recovered depended upon the decision of controverted questions of fact. If the jury should believe the plaintiff and conclude that the transaction was a loan of the money, then, under the statute, the plaintiff would be entitled to recover five per cent from the time the money was loaned; but if the jury credited the evidence for the defendant and concluded that the transaction was an agreement to take stock, there could be no recovery of interest until the arrangement was repudiated by the plaintiff and a demand made for the return of the money. The plaintiff would only be entitled to interest from the time that he refused to carry out the agreement and take the stock. The court was not authorized to decide that disputed question of fact and to direct a verdict including interest from the date of the check. The defendant was entitled to the verdict of the jury on that question.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*