### Robert Housley, Defendant in Error, v. Feilchenfeld Company, Plaintiff in Error.

### Gen. No. 14,648.

1. CORPORATIONS—*when proceedings of directors may be established by parol.* Proof of a verbal decision by the directors is proper notwithstanding the fact that a document exists purporting to contain the minutes of the meeting at which such decision was arrived at which contained no record of such decision. This is especially true if such document does not, on its face, purport to contain the complete minutes of such meeting.

2. CORPORATIONS—*when stock subscription may be rescinded.* There is an implied condition to a subscription to an increased issue of stock that such increase shall at least be substantially subscribed for, and while the compliance with this condition may well be waived by the payment of the purchase money and the acceptance of a certificate, if it be not waived it may be insisted upon and after a reasonable time for compliance therewith the subscription may be rescinded and money paid in part payment thereof, or as a deposit therefor, recovered back.

· Assumpsit.   Error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1908.. Affirmed.   Opinion filed December 7, 1909.   Rehearing denied December 17, 1909.

**Statement by the Court.**   In August, 1907, the defendant corporation, by resolution of its stockholders, increased its capital stock from $40,000 to $50,000. No resolution determined how the increased stock was to be disposed of.   In September, 1907, in a conversation between the president of the defendant company and the plaintiff, the plaintiff stated that he would take $3,000 worth of the increased stock, but that he had only $700 on hand, and he was told by the president that he could get his certificate when he paid the entire amount and that in the meantime he could pay the $700.   He made the payment, taking a receipt reading as follows:

"Received of Robert Housely $700.00 to apply on stock.

THE FEILCHENFELD COMPANY,<br>By Stemm.

September 24, 1907."

He never demanded any stock and the defendant company never demanded any further payment from him.   In November, 1907, the Secretary of State acknowledged receipt of the certificate that the capital stock had been increased.

It does not appear from the record that anybody other than Housley had subscribed for any of the increased capital stock or that any of such increased capital stock had been issued.   On the contrary, the fair inference from the record is that none of the increased capital stock had been subscribed for except possibly $2,000 worth, exclusive of Housley's subscription, and that none had ever been issued.   At a meeting of the board of directors, in January, 1908, the principal stockholder bought out the others except Housley.   To save the family name, some brothers of the principal stockholder, who were engaged in a sim-

ilar business, took over the capital stock other than Housley's and assumed the debts of the company. At that time, the capital of the company was materially impaired. At this meeting of the board of directors, it was verbally agreed by all of the directors that the plaintiff should not be considered a stockholder and that he should get his money back.

The plaintiff demanded back the $700 paid or deposited by him with the company and after this suit had been begun, the company purported to issue to him a certificate of seven shares of the stock and tendered the same to him. A judgment was rendered in favor of the plaintiff for $700.

GABRIEL J. NORDEN, for plaintiff in error.

ADOLP RAPHAEL, for defendant in error; EMERY S. WALKER, of counsel.

MR. JUSTICE MACK delivered the opinion of the court.

It has been held in this state that a subscription to an increase of capital stock before the same has been authorized by a vote of the stockholders is a nullity. Wolf v. Chicago Sign Printing Co., 233 Ill. 501. Whether, in addition to authorization by the stockholders a full compliance with the statutory requirements by the filing of a certificate with the Secretary of State and recording the same, is a condition precedent to the validity of a stock subscription, need not now be determined.

Assuming in this case without deciding it, that by the oral arrangement between the plaintiff and the president of the defendant company a binding contract to subscribe for and to allot stock was made by the parties, it is clear that such contract was not for seven shares but for thirty shares. It was specifically for part of the increased stock, the total of which was to be 100 shares. Whether or not a subscription to an increase of stock is like a subscription to the origi-

Housley v. Feilchenfeld Co., 152 Ill. App. 68.

nal stock, conditioned upon the total amount being *bona fide* subscribed for, is a question on which the authorities are in conflict, the weight of authority being to the effect that there is no such condition. As the Supreme Court of the United States says in Aspinwall v. Butler, 133 U. S. 595, at page 607: "There was no express condition that the individual subscription should be void if the whole $500,000 was not subscribed, and in our judgment there was no implied condition involved to that effect." But at page 608 the court proceeds: "There may be cases in which equity would endeavor to protect subscriptions to stock where a large and material deficiency in the amount of capital contemplated has occurred, but such cases would stand on their own circumstances." In that case, ninety-two per cent of the increase. had been subscribed for and certificates therefor had been issued. In the present case, the transaction was not consummated by the delivery of the certificate, the company for all practical purposes abandoned its business, and the directors unanimously, at a meeting, decided that the plaintiff should not be deemed a stockholder and that his money should be returned to him. The proof of the verbal decision of the directors was proper, notwithstanding the fact that a document purporting to contain minutes of the meeting, and which contained no record of this decision, was offered, especially as the document did not on its face purport to contain the complete minutes of the meeting. 3 Cook on Corporations, sec. 714. Under these circumstances, no rights of creditors being involved, we are of the opinion that the case falls within the exceptions stated by the Supreme Court of the United States. Moreover, in our judgment, there is an implied condition to a subscription to the stock that the increase shall at least be substantially subscribed for, and while the compliance with this condition may well be waived by the payment of the purchase money and the acceptance of a certificate, if it be not waived it may be in-

sisted upon and after a reasonable time for compliance therewith the subscription may be rescinded and money paid in part payment thereof, or as a deposit therefor, recovered back.

The judgment will therefore be affirmed.

*Affirmed.*