Merryweather v. Cleve. Elect. Illum. Co. (S. R.) OS. No. 21231, 6 Abs. 389.

Morton v. Thomas. OA. 6 Abs. 422; 27 Oh. Ap. 486★; 161 NE. 358.

Mulcahy v. Akron (City). OA. 2 Abs. 566; OS. P. 2 Abs. 659; 25 Oh. Ap. 302★; 27 Oh. Ap. 442★; 161 NE. 542.

N. Y. C. & St. L. Rd. Co. v. Kovatch. OA. 6 Abs. 530; OS. No. 21272, 6 Abs. 421.

Nickel v. Cleve. Ry. Co. (S. R.) OA. 6 Abs. 526.

Penn. Rd. Co. v. P. U. C. OS. No. 21335, 6 Abs. 535.

Pest v. City of Lakewood. OA. 6 Abs. 532.

Piesekar v. Eschuk. OA. 6 Abs. 107; 27 Oh. Ap. 439★; 161 NE. 355.

Rudolph Wurlitzer Co. v. Draganic. OA. 6 Abs. 527.

Rustin, Exr., etc. v. Prudential Ins. Co. OA. 6 Abs. 287; 27 Oh. Ap. 466★; 161 NE. 561.

State ex Wadsworth v. Zangerle, Aud. et. OA. 6 Abs. 492; OS. No. 21236, 6 Abs. 535.

Story v. Kanpp et. OA. 6 Abs. 472; 27 Oh. Ap. 493★; 161 NE. 408.

Tax Commission v. Rife et. OA. 6 Abs. 352; OS. No. 20719, 5 Abs. 556, 5 Abs. 815; aff. 6 Abs. 389; Syl. 6 Abs. 385; 27 Oh. Ap. 516★; 119 Oh. St. 83★.

Trumbull Cliffs Furnace Co. v. Shackovsky. OA. 1 Abs. 817; OS. 3 Abs. 10; 27 Oh. Ap. 522★; 161 NE. 238.

U. S. Print v. Griggs-Cooper Co. (S. R.) CP. 4 Abs. 405; OA. 4 Abs. 548; OS. No. 20435, 5 Abs. 249, 5 Abs. 316; aff. 6 Abs. 389; Syl. 6 Abs. 388; 119 Oh. St. 151★.

Ward Baking Co. v. Trizzino. OA. 6 Abs. 229; OS. No. 20976, 6 Abs.; 157, MCO. 189; 27 Oh. Ap. 475★; 161 NE. 557.

Warren Guar. T. & Mortg. Co. v. Williams, et. OA. 6 Abs. 503; 27 Oh. Ap. 505★; 161 NE. 551.

Weiss & Lewis Motor Trucking Co. v. Mielcarek. OA. 6 Abs. 533.

Williams, Admr. v. Black et. OA. 6 Abs. 527.

Wilson v. Wesler, Admx. OA. 6 Abs. 249; 27 Oh. Ap. 386★; 160 NE. 863.

Wuebker v. Hopkins, et. OA. 6 Abs. 526.

Zizelman v. Mayer. OA. 6 Abs. 166; 27 Oh. Ap. 512★; 161 NE. 550.

---

CAPLE, Admr. v. CRANE, et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2048. Decided June 25, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

573. GIFTS—480. Evidence.

Where doner is dead, one who seeks to establish title to personal property by gift inter vivos from deceased donor must support his claim by clear and convincing evidence.

396. DIRECTED VERDICTS.

Rule that where both parties make a motion for directed verdict, they clothe court with functions of jury, has no application when one motion is made and passed on, and then the other motion is made and passed on.

Error to Common Pleas.

Judgment affirmed.

Tracy, Chapman & Welles, Toledo, for Caple.

Geer & Lane, Toledo, for Crane.

FULL TEXT.

WILLIAMS, J.

An action was brought in the court of common pleas by Alva B. Caple, as administrator of the estate of William A. Crane, deceased, in which he sought to recover possession of certain Liberty Bonds and the value of certain bonds and cash, all of which it was claimed belonged to the deceased at the time of his death. One of the defendants below Rosebelle Crane, the wife of a second cousin of the decedent, claimed that she received all the property in question as a gift inter vivos from the decedent. The other defendant below, The Commerce Guardian Trust & Savings Bank, filed no answer and claimed no interest in property sought to be replevined. Upon trial the jury returned a verdict in behalf of the defendant, Rosabelle Crane, on each of the three causes of action in the petition. Judgment was entered thereon, and this proceeding in error is brought to secure a reversal of that judgment.

Plaintiff in error claims that the judgment is not sustained by sufficient evidence. We think the rule is that where the donor is dead, one who seeks to establish title to personal property by gift inter vivos from the deceased donor must support his claim by clear and convincing evidence.

Flanders v. Blandy, 45 Ohio St., 108;

Van Pelt v. King, 22 Ohio App., 295;

Whether the rule applies where the issues presented by the pleadings are as in the instant case, it is not necessary for this court to determine for the reason that the court below charged that the burden was on the defendant Rosabelle Crane to prove a gift inter vivos by clear and convincing evidence. The jury found in her favor under that charge and we are of the opinion that the verdicts are not manifestly against the weight of the evidence.

It is also claimed by the plaintiff in error that the court below erred in submitting the cause to the jury after motions had been made by the plaintiff and the defendant Rosabelle Crane for a directed verdict and in overruling plaintiff's motion for a judgment and entering judgment upon the verdicts in favor of the defendant Rosabelle Crane. In making this contention the plaintiff in error relies upon the following authorities:

Bank v. Hayes & Sons, 64 Ohio St., 100;

Perkins v. County Commissioners, 88 Ohio St., 495;

Head v. Hershman, 103 Ohio St., 12;

Railroad v. Luthy, 112 Ohio St., 321;

The rule that where both parties make a motion for a directed verdict, they clothe the court with the functions of a jury, has no application when one motion is made and passed on and then the other motion is made and passed on.

An examination of the record discloses that at the conclusion of all the evidence the defendant, Rosabelle Crane, renewed her motion for a directed verdict in her favor. The court overruled this motion. Thereupon the plaintiff moved the court for an instructed verdict in his favor. The court thereupon overruled this motion also. It therefore appears that both motions for directed verdicts were not pending before the court at the same time and that one was acted upon before the other was made. The rule therefore had no application.

We find that the court did not err in its action on these motions, and that there were issues of fact for the determination of the jury: that neither party was entitled to an instructed verdict and that judgment was properly entered on the verdicts in favor of the defendant Rosabelle Crane.

An examination of the court's charge fails to disclose any error prejudicial to the plaintiff in error.

There is no error apparent upon the face of the record and the judgment will be affirmed.

(Richards and Lloyd, JJ., concur.)