**WHITEHEAD, Adm'r v PARSONS**

Ohio Appeals, 6th Dist, Lucas Co

No 2837. Decided Jan 2, 1934

Robert C. Dunn, Toledo, for plaintiff in error.

Robert V. Phillips, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

Judgment was entered on the verdict and in this proceeding plaintiff in error seeks a reversal on numerous grounds. One of them is the action of the court in directing a verdict for plaintiff. It has been made

plain that the motion of defendant for a directed verdict in his favor was overruled and exception noted before the motion of the plaintiff for a directed verdict in her favor was made. In such a situation the court was not clothed with the function of a jury as to disputed questions of fact. **Caple, Admr. v Crane, 31 Oh Ap 6, (6 Abs 536).** That there were disputed questions of fact under the evidence adduced, there can be no question. Although paintiff claims she sold the house and lot to the defendant's decedent and made a deed of conveyance to the latter under date of February 11, 1927, it appears from the record that on April 22, 1927, plaintiff filed a petition in bankruptcy and in Schedule A2 attached thereto, under the heading "Creditors holding Security", she listed George C. Pickard as such a creditor as follows:

"Value of Amount
Securities. of debts.
$8,000.00 $3,000.00

"George C. Pickard, 958
Oak St., Toledo, Ohio.
Real Estate deeded to the
above on February 20,
1927, previous to that time
the above held a mortgage
for the amount of (second
mortgage) recorded December 20, 1927.
Toledo Mortgage Co.,
Toledo, Ohio,
Held a first mortgage on
the real estate, Recorded
in May, 1926          8,000.00   5,000.00"

The defendant below was making the claim that the deed in question constituted an equitable mortgage and that the only purpose of the conveyance was to secure the indebtedness which existed between defendant's decedent and the plaintiff. The record, as above quoted, shows that defendant's counsel was objecting to the court deciding the questions of fact, but was insisting that the cause be submitted to the jury. This course the court refused to follow and defendant's counsel excepted to such refusal. The court committed prejudicial error in such refusal and in directing a verdict for the plaintiff.

Did the court below err in overruling defendant's motion for a directed verdict? One of the contentions of counsel for defendant in the court below was that if the plaintiff ever had any claim against the defendant, plaintiff's right of action against the defendant ceased to exist because she had availed herself of the provisions of the bankruptcy act of the United States. It is true that one who avails himself of the bankruptcy law, surrenders all his assets, including rights of action, to be administered under the bankruptcy act for the benefit of his creditors, and any right of action which Josephine K. Parsons had against Pickard would be surrendered through bankruptcy and she could not, after being adjudicated a bankrupt and having received her discharge, ordinarily bring suit upon any right of action that was vested in her at the time she filed her petition in bankruptcy. However that may be, the entire record of the bankruptcy proceedings is not offered in evidence and it is not possible for this court to determine whether there may have been some composition with creditors, or other action, taken in such a way as to restore the right of action against the defendant below. This court, therefore, has concluded not to enter final judgment at this time but as the errors found in the record will require a reversal, and the facts may be fully brought out on a retrial, the court below may then take such action as will fully protect the rights of the parties.

It is also contended that the court below erred in allowing interest to the plaintiff from April 18, 1927, for the reason that Pickard tendered payment at the time the deed was executed, according to plaintiff's own testimony; that no demand was made on Pickard for payment at any time and no promise of payment of interest was ever made.

An interesting question arises as to the time from which interest would run, if plaintiff is entitled to recover. We think that upon the record as it now stands it is a mixed question of law and fact as to what the total amount of interest should be and the time from which it should be computed, and we are unable to say that the finding and judgment were excessive.

It is also contended that the court below erred in permitting plaintiff to testify on rebuttal regarding transactions that happened prior to the death of the decedent, over the objection of the defendant, in violation of §11495, GC. The defendant offered no evidence of conversations or admissions of the opposite party, unless it be the schedule attached to the petition in bankruptcy as above stated. The fourth exception to §11495 GC does not apply to written admissions. **Jackson v Ely, 57 Oh St, 450.** Therefore, the introduction of such evidence gave the plaintiff below no right to testify as to any transaction which occurred prior to the death of the decedent,

and the court committed prejudicial error in admitting such testimony in evidence.

At the conclusion of plaintiff's evidence the defendant requested leave to file an amended pleading setting forth the deed in controversy as an equitable mortgage with prayer for foreclosure and an accounting between the parties. The request was refused. In our judgment the court below, in the exercise of a sound discretion, should have permitted the filing of this pleading. It was requested rather late in the trial, it is true, and we hesitate to rule that the refusal constitued an abuse of discretion under the peculiar circumstances of this case. However, as the case is to be retried, an application for such leave made in due time should be allowed by the court below.

For the errors specified, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded

RICHARDS and LLOYD, JJ, concur.