C. A. MANSKA, Appellee, v. SAN BENITO LAND COMPANY, Appellant.

**TRIAL: Jury Trial—Motions for Verdict Do Not Waive Jury.** Motions for a directed verdict, made by both hostile parties at the close of all the testimony, do not constitute an implied waiver of a jury *when the testimony does, in fact, present a jury question as to the facts.*

*Appeal from Monona District Court.*—GEORGE JEPSON, Judge.

SEPTEMBER 30, 1921.

ACTION at law, to recover commission alleged to have been earned by plaintiff as defendant's agent in the sale of land. There was a directed verdict for plaintiff, and defendant appeals.—*Reversed.*

*Zumbrunn & Meyer* and *Miles W. Newby,* for appellant.

*Prichard & Prichard,* for appellee.

WEAVER, J.—It is the claim of the plaintiff that defendant, being the owner of 435 acres of land in Monona County, employed or authorized him as its agent to find a purchaser for said property at the stated price of $85 per acre, for which service, when performed, defendant agreed to pay plaintiff a commission of $2.50 per acre. Plaintiff alleges that, acting upon such appointment and authority, he did find and produce to defendant a purchaser ready, able, and willing to buy the land at the price of $85 per acre, thereby earning the agreed commission, but that defendant neglects and refuses to pay the same.

The defendant denies the allegations of the petition. A

jury was impaneled for the trial of the issues joined, and, at the close of the plaintiff's evidence in chief, the defendant moved for a directed verdict in its favor, on the ground that the evidence was clearly insufficient to sustain a verdict for the plaintiff. The motion was denied, and defendant proceeded to introduce evidence to sustain its defense. At the close of all the evidence, defendant renewed its motion for a directed verdict. The plaintiff also moved for a directed verdict against the defendant.

These filings having been made, the court denied the defendant's motion, sustained the motion filed by the plaintiff, and directed the jury to find for plaintiff for the full amount claimed by him. On the .verdict so returned, judgment was entered; and defendant appeals.

The position taken by the court on the questions so presented will be better understood by one or two brief citations from the record upon which this appeal has been presented. In denying defendant's motion for a verdict filed in chief, the court, after stating the situation as it had then been developed by plaintiff's testimony, said that, "under the state of the record, there is a question for the jury." When both motions had been filed, at the close of all the evidence, the court announced its ruling in favor of plaintiff, saying:

"There are facts in this case, in my judgment, that, if a motion had not been made by both sides, would have warranted the court in submitting this case to the jury.

"*Both sides having asked for a directed verdict, that is a concession by both sides that it is a question of law only: that is, the uncontroverted evidence on one side or the other entitles one side or the other to a directed verdict.*

"The court does not know that it can say any more in ruling on this motion than it has suggested to counsel in the way of suggestions during the trial and during the argument.

"The court is of the opinion that, if Mr. Manske had the conversation with Mr. Doffing that he claims to have had, that the jury might well find that, when he found a purchaser, Kehoe & Kempmeyer were in a position to take care of the transaction.

"As stated before, a great deal of counsel's argument would have full force was this an action between Mr. Mohr and Mr.

Doffing to compel the performance of Mohr's contract. But it is not. This is simply an action to recover a commission for finding a purchaser, and *both sides having asked for a directed verdict, the motion on the part of the plaintiff will be sustained.*"

The italic in this quotation is ours, and the language so emphasized clearly indicates the controlling influence upon the mind of the court of the fact that each of the parties had asked a directed verdict; while the ruling in its entirety makes it equally clear that, were it not for the fact that *both* had so moved, the issues would necessarily have been submitted to the jury. If there was error in this ruling, it will necessitate a reversal, without consideration of other errors assigned. The question is not a new one in our practice, and has had the attention of the court on several occasions. The rule stated by the trial court has the support of precedents in some jurisdictions, but in other jurisdictions, including our own, it has been expressly disapproved. In *First Nat. Bank v. Mt. Pleasant Mill. Co.,* 103 Iowa 518, after stating the proposition and saying that it seems to be established by the weight of authority, we expressly refrained from passing upon it. In a later case, *German Sav. Bank v. Bates Add. Impr. Co.,* 111 Iowa 432, we said, "This court has never passed upon the question of application of this rule in our state, and we understand that the practice with us has been different;" and we refused to recognize it in the case there decided. There, as here, at the close of all the evidence the plaintiff and defendant each moved for a directed verdict in its favor. The court held with plaintiff, and directed a verdict against defendant. There, as here, also, it was argued that, both parties having asked a directed verdict, it was tantamount to an express waiver by each of the right to go to the jury; but we held otherwise. Such motions do not indicate any agreement or mutual concession by the parties, but rather an irreconcilable difference. Neither is willing, as against the motion of the other, to waive a jury, and there is no implication of such waiver from the mere fact that each thinks he has ground for asking a peremptory instruction. This holding was reaffirmed in *Walker Co. v. Dubuque F. & P. Co.,* 113 Iowa 428; *Teeple v. Hawkeye Gold Dredging Co.,* 137 Iowa 206, 214; and again in *Hamill v. Schlitz Brew. Co.,* 165 Iowa 266, 294. In

the latter case, we said that the point "must be considered set-tled." For similar holdings in other states, see *Wolf v. Chicago Sign Ptg. Co.*, 233 Ill. 501; *Poppitz v. German Ins. Co.*, 85 Minn. 118; *Hite v. Keene*, 149 Wis. 207 (135 N. W. 354); *Lonier v. Arbor Sav. Bank*, 153 Mich. 253; *Farmers' Nat. Bank v. McCall*, 25 Okla. 600.

In the *Wolf* case, supra, the Illinois court, after a careful consideration of the conflicting precedents upon the question of practice, says that to hold "that a request to the court to decide a pure question of law clothes the court with power to decide controverted questions of fact would be both illogical and inconsistent with the nature of the motion.    *    *    *    When one party asks the court to direct a verdict in his favor, the fact that the other party makes a similar motion cannot in any way affect the rights of the first party."

In our own case, *Teeple v. Hawkeye Gold Dredging Co.*, supra, the court was urged to disapprove or overrule our former precedents to this effect, but we said:

"It is true that the rule is different in many jurisdictions, but in our view the ends of justice will, in general, be subserved by adhering to the rule we have entered upon."

We find no sufficient reason in the present case to depart from the settled practice in this respect.

Counsel cite us to the opinion in *Conkling v. Knights & Ladies of Security*, 183 Iowa 665, as sustaining the ruling of the trial court in this case. An examination of the opinion referred to demonstrates that it is not an authority for that contention. It there appears that, a motion for directed verdict having been made by both plaintiff and defendant, counsel for plaintiff, in answer to a question by the court, said, "Yes, that waives a jury," and defendant's counsel did not contend otherwise or except; and this was held a waiver of the right to go to the jury. It is also to be noticed, as was there pointed out in the opinion, that the objection to the ruling was not presented or argued to this court, as required by the rule and statute; and what is there said was, at best, dictum. Nor is any authority in support of appellee's position to be found in the other cited case, *Murray v. Brotherhood of Am. Yeomen*, 180 Iowa 626. The opinion there expressly concedes the general rule in this state

to be as we have hereinbefore stated it, but says that there are "some exceptions, as where both sides of the case either expressly or impliedly consent to a disposition of the case by the court." It is sufficient here to say that there is, in the instant case, no showing of any express consent by the defendant to the decision of the fact issue by the court, and nothing from which such consent is necessarily to be implied.

The assignment of error upon the order directing a verdict is well taken. That, except for the supposed effect of the filing of the two motions, the record presented an issue of fact for the jury, was conceded by the trial court; and that there was such an issue, an inspection of the record makes very plain.

The error in directing a verdict was necessarily prejudicial to the appellant, and the judgment appealed from must be and it is reversed, and the cause remanded for a new trial.—*Reversed.*

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.