MECHANICS SAVINGS BANK, Appellant, v. POLK COUNTY, Appellee.

**TRIAL:** **Jury Trial—Motions for Verdict Do Not Waive.** Motions for a directed verdict, made by both hostile parties at the close of all the testimony, do not constitute an implied waiver of a jury *when the testimony does, in fact, present a jury question.*

*Appeal from Polk District Court.*—J. D. WALLINGFORD, Judge.

MAY 12, 1923.

THE plaintiff bank, as assignee of George F. Lambert & Company, sued the defendant county for the recovery of an

amount alleged to be due from the defendant upon a contract made between the defendant county and said George F. Lambert & Company. There was a directed verdict and judgment for defendant, and plaintiff appeals.—*Reversed.*

*Stipp, Perry, Bannister & Starzinger* and *Fred A. Little,* for appellant.

*Wilson & Shaw* and *George F. Henry,* for appellee.

Weaver, J.—George F. Lambert & Company entered into a written contract with Polk County, acting by its board of supervisors, for the construction of certain bridges and culverts for the aggregate compensation of $58,400. In the progress of the work, the contractor borrowed money of the plaintiff bank, and to secure its repayment, assigned to the bank its contract with the county. In its petition herein, the bank alleges the taking of the assignment and the giving notice thereof to the county. It further alleges that, in reliance upon said security, plaintiff did, from time to time, advance money to said contractor, and that, of the indebtedness so contracted, there remains due and unpaid the sum of $26,235.31; that the contractor has completed the work so undertaken; and that the compensation so earned, under the terms of its contract and for extras, aggregated $61,153.12. All these earnings to the extent of the contractor's said indebtedness are claimed to be payable to the plaintiff by virtue of said assignment, and judgment is demanded for such recovery, with interest and costs.

The county admits the contract with Lambert & Company, but denies liability for payment of the compensation to plaintiff. It further pleads that by the terms of the contract it was provided that the compensation should be paid in monthly installments, according to the engineer's estimate of the work done during the previous month, and avers that, in observance of said terms, payments for the work done were, in fact, so made. It is further alleged that each of said installments was paid to George F. Lambert & Company, by whom they were deposited in the plaintiff bank.

In reply, the plaintiff admits that it released its claim for the amount of a single month's estimate, $5,028, but avers that,

if defendant made any other payments to the contractor, it was done in disregard and violation of plaintiff's rights under the assignment, of which due notice had been given the defendant.

Upon trial of these issues, plaintiff offered evidence tending to show the alleged assignment of the contract before the work thereunder had been performed, together with written notice thereof, directed to the board of supervisors, delivered to the county auditor, and filed in the records of his office. It also showed without dispute, but over defendant's objection, the fact of advancements made to the contractor, and an unpaid remainder of the indebtedness so arising, to the amount for which a recovery is asked. The members of the board of supervisors, as witnesses, denied all notice and knowledge of the assignment of the Lambert contract, and testified to alleged facts tending to show that the payments to the contractor were made without knowledge of any claim of right thereto by the plaintiff.

While there is no direct evidence of actual notice to the supervisors of the assignment of the contract to plaintiff, and no direct evidence that plaintiff knew that the county was, in fact, making payments to the contractor of the monthly estimates, there is, we think, sufficient circumstantial evidence to take both of those inquiries, so far as they are material, to the jury. It should also be said in this connection that the contract between the county and Lambert & Company contains a provision reading as follows:

"The contractor agrees not to sublet, sell or assign any portion of the contract or the work provided for therein without the written consent of the board. On contracts which have been approved by the commissioner, their consent shall also be obtained before the contract is sublet or assigned."

The contract was duly approved by the state highway commission before the work was performed. No written consent of the board to the assignment of the contract was ever obtained, nor was the consent or approval of the state highway commission ever given to the assignment.

At the close of the plaintiff's evidence in chief, defendant moved the court for a directed verdict in its favor, on the ground that notice of the assignment was not given to the board of supervisors; that the notice to the auditor was not notice to

the board; that the assignment, if any, was not made with the consent of the board, nor approved by the highway commission; and that the claim sued upon is an unliquidated demand, which has not been presented to the board for its allowance. This motion was overruled, and thereupon defendant offered the testimony of the county auditor and of the members of the board of supervisors, whose evidence, so far as the same is material at this time, has been sufficiently referred to; and thereupon the plaintiff moved for a directed verdict in its favor, on the ground, briefly stated, that the evidence shows conclusively, and as a matter of law, that the assignment of the contract was duly made, and due notice in writing thereof given to the board, and that there is justly due the plaintiff from the county, under its assignment, the full sum for which it asks judgment. Defendant then renewed its motion for directed verdict, on the grounds previously stated. On presentation of this motion, there followed a colloquy between the court and counsel, as follows:

"The Court: You say there is no question of fact. Judge Wilson says there is no question of fact.

"Mr. Perry: That may be some legal significance when we say that, but I do not want to make any concessions from now on. I have conceded to Brother Wilson. Now the real dispute begins. Your Honor, I assume, is advised what the legal effect of those motions will be.

"The Court: I am inquiring, so far as you are concerned, is it a matter that is now deposited with the court alone? That is a fair question, isn't it?

"Mr. Perry: I think that the Supreme Court decided in some case, when both parties make a motion that the effect of that is for the court to decide. It does appear to me that this situation as it is now presented involves only questions of law.

"The Court: Does that appear to you, Judge, to be the situation?

"Judge Wilson: It does to me.

"The Court: In view of the statements, then, that have been made by counsel on each side, I will undertake to determine this issue alone, without the aid of the jury. I am willing to listen to anything that you gentlemen have to say upon the motions as made."

After arguments of counsel, the court sustained the defendant's motion for a directed verdict in its favor, and judgment was entered against plaintiff for costs.

That the mere fact that each party to a jury trial makes a motion for a directed verdict against the other does not operate as a waiver of the jury, or authorize the court to proceed with the trial without a jury, is thoroughly well settled in this state, as it also is in most other jurisdictions, though there are some precedents to the contrary (*Manska v. San Benito Land Co.,* 191 Iowa 1284, and cases there cited) ; and if that rule is applicable in the present case, the plaintiff's assignment of error is well made. The doubt, if any there be, is suggested by the appellee's contention admitting the rule, but insisting that the record shows its waiver by the appellant. We are of the opinion, however, that a party should not be held to have waived an undoubted right, in the absence of a clear showing of an intention so to do ; and such, we think, is not the record in this case. The trend of the court's mind upon the question so raised was made apparent by its inquiry or suggestion as to whether there was any question of fact in the case ; and plaintiff's counsel, correctly interpreting it as involving a danger of what actually happened, at once announced his position, by saying, ''I do not want to make any concessions from now on;'' but, with the modesty characteristic of the profession, he politely recognized the court's authority to pass upon the legal effect of the motions filed. The court did have authority to pass upon the question raised as to the effect of the two motions, and to declare such effect as a matter of law ; but a wrong decision thereof was none the less error, in the absence of the clearly expressed intent of the party to forego the right to a jury trial if his motion for a verdict was denied. Moreover, we are inclined to the view that the court ought not to put the question of waiver to the parties and require counsel to commit themselves either way, in advance of a ruling on the motion to direct a verdict.

That there were issues of fact presented by the record, we think is not open to doubt. Of them we will not stop to particularize, except to mention the one subject upon which counsel on both sides have expended considerable study and argument: the question whether notice was given to the county of the as-

signment. There are other subsidiary questions having material bearing on the determination of the principal issues, but, in view of the fact that a new trial is to be granted, we think it better to enter upon no discussion thereof at this time.

We hold that there was error in directing a verdict, and because thereof, the judgment below is reversed, and cause remanded for new trial.—*Reversed.*

PRESTON, C. J., STEVENS and ARTHUR, JJ., concur.