Matthias, J.
 

 Counsel for plaintiff in error con
 
 *324
 
 tend that the trial court erred in directing a verdict for the plaintiff without first ruling upon the motion of the defendant for a directed verdict, and further erred in not giving the defendant an opportunity to withdraw its motion for a directed verdict, or to request a submission of the cause to the jury, before actually directing the jury to return a verdict for the plaintiff. And that presents the principal question before this court for determination.
 

 The record discloses that upon the several motions being made by counsel for plaintiff and counsel for defendant, the court made no announcement whatever of the decision of the motion of the defendant, but immediately announced that the motion of the plaintiff was sustained, and directed a verdict for the plaintiff. The court did not indicate any ruling at all upon the defendant’s motion, except as may be inferred from the ruling made upon the plaintiff’s motion. The jury was present all the time; and in the same sentence in which it ruled on plaintiff’s motion, and apparently without any hesitation whatever, the court directed the jury to return a verdict for the plaintiff. Nothing was left to be thereafter done, or was thereafter done, by the court, relative to the direction of a verdict, except to tell the jury why a verdict had been directed in favor of the plaintiff, and stating the amount which the court had determined should be assessed as damages; and this subsequent statement of the court to the jury refers to the verdict which the court had previously directed the jury to return.
 

 In
 
 First National Bank
 
 v.
 
 Hayes & Sons,
 
 64 Ohio
 
 *325
 
 St., 100, 59 N. E., 893, it was held that when both parties make a motion for a directed verdict, and the party against whom the court decides does not thereupon ask that the case be submitted to the jury, he cannot be heard to say there was error because of the presence of some evidence tending to support the issue in his favor. The court here emphasizes the omission of the plaintiff, after the trial court has ruled in favor of the defendant, to ask the court to submit the case to the jury, and holds that under such circumstances he must be taken to have waived the right to have the jury pass upon the evidence. The decision of this court in
 
 Nead
 
 v.
 
 Hershman,
 
 103 Ohio St., 12, 132 N. E., 19, 18 A. L. R., 1419, is but an application of the principle laid down by the court in
 
 Bank
 
 v.
 
 Hayes & Son, supra.
 

 In the recent case of
 
 Nead
 
 v.
 
 Hershman, supra,
 
 this court held:
 

 “Where a motion by defendant for a directed verdict is made at the close of plaintiff’s testimony and overruled, and then renewed at the close of all the testimony, followed by a like motion on the part of plaintiff, and the court passes on the latter motion first, sustaining it, and then overrules defendant’s motion, and thereupon, and next in order of procedure, defendant requests the withdrawal of his motion and the submission of the case to the jury, there being a jury issue, the refusal of the court, to submit the issue to the jury under proper instructions is error.”
 

 Tinder this authority, as well as that of
 
 Perkins
 
 v.
 
 Bd. of Commrs. of Putnam Co.,
 
 88 Ohio St., 495, 103 N. E., 377, it would have been error prejudicial
 
 *326
 
 to the rights of the defendant to disregard a request to submit the case to the jury. Defendant therefore had a right upon request, after the action of the court upon the motion, to have the case submitted to the jury for its determination of the facts, under proper instruction of the court. It was a substantial right, and if defendant was deprived thereof by the action of the court in sustaining plaintiff’s motion, and immediately directing the jury to return a verdict in behalf of the plaintiff, that also would be error prejudicial to the rights of the defendant. It is urged that counsel for the defendant, even after such action of the court, might have requested a submission of the ease to the jury, and that counsel for the defendant failed so
 
 to
 
 do. But it seems clear from the record that no opportunity whatever was afforded counsel for the defendant to make any such request until the court had actually directed the jury to return a verdict adverse to the defendant, and it would have been absurd after such announcement and direction for the defendant to request the court to submit the case to the jury when it had already been apprised of the court’s decision that the verdict must be for the plaintiff. If counsel for defendant had taken such step, and made such request, after the court had -so directed the jury, they would have been in no situation thereafter to complain when the jury had returned a verdict for the plaintiff, and against the defendant, for it could then have been well contended that counsel for the defendant had taken their chance and lost. The record discloses that no opportunity whatever was afforded counsel for
 
 *327
 
 defendant to malee any request after the action of the court upon their motion. Indeed, as we have seen, no action was ever taken upon the defendant’s motion except that to be inferred from the opposite ruling upon the plaintiff’s motion, and it was as a part of the ruling upon the motion that the court immediately and in the same sentence directed a verdict for the plaintiff. Counsel for defendant, then, did all they could do under the circumstances to protect the rights of their client by excepting to the action of the court in directing a verdict for the plaintiff, for that action of the court made it impossible to have the issue of fact determined by the jury no matter what request might then have been made.
 

 If the procedure here adopted were to be approved, counsel for defendant could never make a motion for a directed verdict, and thus endeavor to procure the opinion and judgment of a trial court upon a question of law, without jeopardizing the right of his client to have a submission of his cause to the jury, for he would know that in the event counsel for the plaintiff made a similar motion the court might immediately determine not only questions of law but questions of fact in behalf of plaintiff. The virtue of excusing the jury to the jury room during the consideration and disposition of a motion for a directed verdict becomes somewhat apparent. Such procedure is more consistent with the theory, which still prevails, that the jury in a consideration of the facts shall not be influenced by the action or opinion of the court. Had such procedure been adopted
 
 *328
 
 here, the principal difficulty presented by this case would have been obviated.
 

 For the reasons stated it is our conclusion that the defendant was deprived of a substantial right in the trial of this cause and that in such respect there was prejudicial error requiring a reversal of the judgment.
 

 The only other question presented which need now be considered is whether the evidence adduced required a verdict and judgment for the defendant, as a matter of law. The contention of counsel for the defendant that such must be the result is based upon the claim that it must be concluded as a matter of law from the evidence adduced, as shown by the record, that decedent was guilty of contributory negligence, which negligence was the proximate cause of his injury.
 

 A rule of the Pennsylvania Company requires that employes of that company, and' employes of the Louisville & Nashville Railroad Company when operating on Pennsylvania rails, shall not ride on the front of the engine, with reference to the direction in which they are moving. It is undisputed that when Creen boarded the engine he was not disobeying that rule, for he was not then on the front of the engine, having reference to the direction of its movement, but after reaching track No. 12, a reversal of the direction of the engine, as it made the switching movement transferring to track No. 12, resulted in placing him on the front with respect to the direction in which it slowly moved in making the transfer, though but for a very short distance. Whether under the circumstances disclosed by the evidence in the record
 
 *329
 
 Green was guilty of negligence proximately contributing to Ms injury is a question of fact, wMch, with proper instruction, should be submitted to the jury for its determination.
 

 The record contains evidence tending to show that at the time of his injury decedent was not acting outside the scope of his employment; that he was not upon the tracks, of the Pennsylvania Company as a trespasser or a licensee; that his train was being made up; that the engine upon which he was riding was assisting in that work, and later, for a time at least, would become a part of Ms train; and that all movements of trains and engines in the Pennsylvania yards were under the direction and control of the yardmaster of that company and his assistants. The evidence also tends to show that at the time the collision occurred the Louisville & Nashville engine was in its location on track No. 12, pursuant to the direction of an assistant yardmaster. The duty and responsibility of the Pennsylvania Company to Green were manifestly to operate its engine and cars in a reasonably careful and prudent manner to avoid endangering life and limb. However, for the reasons heretofore stated the judgment herein is reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Day, Allen, Kinkade and Robinson, JJ., concur.