(Decided April 24, 1929.)

*Mr. F. Scott Zimmerman,* for plaintiff in error.
*Messrs. Marshall & Marshall,* for defendant in error.

KUNKLE, J. Plaintiff in error, an infant of two years and eight months of age, sought in the lower court to recover damages against defendant in error in the sum of $15,000 for personal injuries claimed to have been inflicted upon her by defendant in error through the negligent operation of his automobile.

Plaintiff in error in her petition alleged ten different grounds of negligence upon the part of defendant in error, which she claims directly and proximately caused the injuries described in detail in her petition. An issue was joined by the pleadings, and the case proceeded to trial before a jury.

It appears from the record that at the close of the testimony of plaintiff in error the defendant in error filed a motion for a directed verdict. This motion was overruled by the trial court, and defendant in error thereupon introduced some testimony.

The controversy in this case arises over the rulings of the trial court at the conclusion of all the evidence. The rulings complained of are set forth in the journal entry, a copy of which is as follows:

"This day again came the parties herein by the attorneys, and also came the jury heretofore empaneled and sworn, and the trial proceeded. At the conclusion of all the evidence the defendant moved the court to instruct a verdict for the defendant. Which motion the court overruled, and to which the defendant excepted.

"Thereafter the plaintiff moved the Court to direct a verdict for the plaintiff and to instruct the jury that its only function is to assess the amount of damages to the plaintiff.

"And thereupon, motion having been made by the defendant to direct a verdict, and also a motion by the plaintiff to direct a verdict in this case, the Court, thereupon, holds that the motion by the defendant and the motion by the plaintiff both to direct a verdict in this case submits the issues in this case to the Court for determination, and discharges the jury from further consideration in the case.

"And on further consideration the Court finds upon the issues in this case in favor of the defendant, and the petition of the plaintiff is hereby dismissed. To which ruling of the Court the plaintiff then and there excepted.

"Thereupon the plaintiff made application to the

Court for permission to withdraw his former motion for a directed verdict in favor of the plaintiff, requesting the Court to instruct the jury that the only thing for it to consider was the question of damages. Which permission so requested by the plaintiff is denied. To which action of the Court the plaintiff then and there excepted.''

It appears from this entry that at the close of all the evidence the defendant in error again moved for a directed verdict. This motion was properly overruled by the court, as there was some testimony which we think required a submission of the case to the jury, especially in a case where the injured person was an infant of tender years.

The questions presented for consideration are:

(1) Must motions to direct a verdict by plaintiff and defendant, made at the close of all the evidence, be pending at the same time in order to cause the case to be submitted to the court for its consideration?

(2) Should the trial court have permitted the plaintiff in error to withdraw her motion (which was made after the motion of the defendant for a directed verdict had been overruled) for a directed verdict in her favor and suggesting that the jury assess her damages?

It clearly appears from the journal entry that the court had passed upon the motion of defendant in error for an instructed verdict and had overruled the same before the motion of plaintiff in error was made. There was nothing before the court when the plaintiff in error made the motion for a directed verdict in her favor, and the assessment of her damages by the jury. The motion of plaintiff in er-

ror expressly called for action upon the part of the jury, inasmuch as it asked that the jury be instructed to assess the damages, and the record shows that special instructions to the jury had previously been requested relating to the measure of damages, etc. We do not think this motion of plaintiff in error could be construed as a waiver of a jury. To the rulings of the court proper exceptions were taken.

It has been held by our Supreme Court, in different cases, that, where both the plaintiff and the defendant at the conclusion of all the testimony make separate motions for directed verdicts, such action results in waiving a jury and submitting the case to the court. This rule is well stated in *First National Bank* v. *Hayes & Sons,* 64 Ohio St., 100, 59 N. E., 893, as follows: "Where, at the conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury, and where the party whose request is denied, does not thereupon request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence."

In the case of *Nead* v. *Hershman,* 103 Ohio St., 12, 132 N. E., 19, 18 A. L. R., 1419, the syllabus reads as follows: "Where a motion by defendant for a directed verdict is made at the close of plaintiff's testimony and overruled, and then renewed at the close of all the testimony, followed by a like motion on the part of plaintiff, and the court passes on the latter motion first, sustaining it, and then overrules the defendant's motion, and thereupon, and next in order of procedure, defendant requests the withdrawal of

his motion and the submission of the case to the jury, there being a jury issue, the refusal of the court to submit the issue to the jury under proper instructions is error.''

The record in this case shows that immediately upon the court overruling the motion of plaintiff in error, and at the first opportunity presented, plaintiff in error requested permission to withdraw her former motion for a directed verdict. This permission was denied.

In the case of *P., C., C. & St. L. Ry. Co.* v. *Luthy,* 112 Ohio St., 321, 147 N. E., 336, the syllabus is as follows: ''Where, at the close of all the evidence submitted in the trial of a case which presents a jury issue, a motion is made by the defendant for a directed verdict, and thereupon a like motion is made by the plaintiff, and the court, without passing upon the defendant's motion, announces that the plaintiff's motion is sustained, and immediately, without affording the defendant any opportunity whatever to request a withdrawal of his motion and a submission of the case to the jury, directs the jury to return a verdict for the plaintiff, it appearing that there were disputed questions of fact, such action constitutes error prejudicial to the defendant, warranting a reversal of the judgment based upon a verdict so returned.''

We think from the reasoning contained in these two decisions that the lower court erred in holding that the parties by their conduct had waived a jury, and that the case had been submitted to the court for determination. These motions for a directed verdict were not before the court at the same time, and the case was therefore not submitted to the court

for its determination by the conduct of counsel. We are also of opinion that the court, under the circumstances disclosed by the record, should have permitted the plaintiff in error to withdraw her motion for a directed verdict and for assessment of damages by the jury.

Without discussing the other authorities which have been cited by counsel in their briefs, we think the reasoning contained in the two decisions of our Supreme Court, above quoted, determines the questions involved.

Judgment of the lower court will be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

ALLREAD and HORNBECK, JJ., concur.