MERCHANTS TRUST AND SAVINGS BANK
v AMERICAN INSURANCE CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10503. Decided May 5, 1930

Max E. Meisel, Cleveland, for Trust Co.
Hartshorn, Thomas & Abele, Cleveland, for Ins Co.

As has been laid down so often, the right of trial by jury is inviolable unless it is waived. As was said in **Gibbs vs. Village of Girard, 88 OS. 34.**

"The right of trial by jury being guaranteed to all our citizens by the constitution of the state cannot be violated or invaded by either legislative act or judicial order or decree."

On page 47 we note:

"So long as the trial by jury is a part of our system of jurisprudence its constitutional integrity and importance should be jealously safeguarded. The right of trial by jury should be as inviolate in the working of our courts as it is in the wording of our constitution."

Turning to the syllabus in **City of Canton vs Pryke, 5 O. Ap. 364** which cannot be said to be the law of the case as the syllabus is with respect to decisions of the Supreme Court, yet we think as the necessity of a legal foundation before the right of trial by jury is forfeited it has application and it is as follows:

"When on the trial of an action to a jury, a motion for a directed verdict is made by the defendant at the close of plaintiff's evidence, and the plaintiff joins in said motion, asking for a directed verdict in favor of the plaintiff, such motion by the plaintiff is not a submission of the cause to the court, and it is error for the court to sustain the same and to direct a verdict in plaintiff's favor, unless the defendant has declined to offer any evidence and has rested his case. A motion by the plaintiff for a directed verdict acts as a submission of the entire case, only when it is made at the close of all the testimony."

We are well aware that in the City of Canton case supra that counsel for the defendant protested against the procedure and asked that the case go to the jury on the facts, but the court notwithstanding, submitted the case to the jury by directing it to return a verdict for plaintiff.

It is argued that inasmuch as in the instant case the jury was not present during argument of the motions. and at the time of the adjudication that there was a waiver or what was equivalent to a waiver, in that counsel for defendant did not ask that the case be submitted to a jury upon the entire facts or ask for leave to withdraw its motion for judgment for defendant.

The reasoning of the court, in its opinion, which perhaps has superior value to that of the syllabus, is in line with our views here, because the real question is, what was the legal status when the court by its adjudication necessarily deprived the defendant of his right to trial by jury in the absence of any act or conduct on its part that it desired to waive the right of trial by jury. That right existed until it was waived and there is no evidence in the record that it was waived and before the court had a right to adjudicate upon the plaintiff's evidence alone, the foundation for such judgment should have been some conduct or action on the part of defendant which waived the right of trial by jury guaranteed to him by the constitution and because counsel for defendant did not, while the jury was absent, in addition to taking exceptions to the judgment, ask to have the case submitted to the jury, is not sufficient to constitute a waiver because the real question is, what was the status of the case when the court substituted itself for the tribunal guaranteed to the defendant under the constitution? The status which existed at that time in the record is the controlling factor as to whether there is error in the case.

We think **Railway Co. vs Luthy, 112 OS. 321** governs the case.

In the case of City of Canton vs Pyrke supra, from a reading of the opinion it will be observed that the holding of the court strictly adheres to the status of the case at the time of the pronouncement of the judgment by the court and it is clearly conclusive that the action of the court was based upon the doctrine laid down in Gibbs vs Village of Girard supra, that the right of trial by jury cannot be invaded by judicial order or decree.

In the **64 OS. 100, First Nat'l Bank vs Hays & Son**, it will be noted that it is at the conclusion of the evidence in that case that the court is clothed with the function of a jury but not when there remains so much of the cause on trial as equals in principle the entire testimony of defendant's side of the case.

A judgment for plaintiff in the instant case could only be pronounced by the court from all the evidence in the case and whether the jury were present or absent is immaterial unless there exists those legal premises which ultimately amount to a waiver of the right of trial by jury.

Thus holding the judgment of the lower court is hereby reversed for error in rendering judgment for plaintiff and the cause is remanded for further proceedings according to law.

Vickery, PJ., and Levine, J., concur.