FRANK LIERMANN, APPELLANT, V. JOHN LEWERENZ, APPELLEE.

FILED JUNE 15, 1934. No. 28999.

*A. R. Oleson,* for appellant.

*Cook & Cook, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and THOMSEN, District Judge.

PAINE, J.

This is an action to recover $436.21 for expenses of funeral, etc. Edward Lewerenz, the son of the defendant, was at the time of his death 28 years of age. He had married the plaintiff's daughter several years before, and had been engaged in farming for himself. He was taken ill, sold his farm property, and in February, 1930, left in an automobile, with his wife and his brother, for Denver for medical treatment. He had been there but a short time when the defendant received a letter requesting that some member of the defendant's family come to Denver. The defendant was 70 years of age, lived on a farm, and as his other son had accompanied his brother, Edward, it left him at home "to do the chores." The defendant, therefore, went to the home of the plaintiff, advised him of these facts, and asked the plaintiff to go to Denver. The plaintiff said: "I suppose it will be necessary for me to take some money along to pay expenses." To this remark the defendant replied that he thought perhaps it would be necessary, and that that could be straightened out upon his return, "as Edward had money in the bank." The plain-

tiff, appellant, on the other hand, contends that the defendant told him to go out and pay the bills and upon his return he would repay him, which the defendant emphatically denies.

In the petition, the father-in-law of the deceased sues the father of the deceased, alleging that he went to Denver in compliance with the request of the defendant, and that the defendant's son died the day following his arrival there, and that plaintiff thereupon paid $383.21 for funeral charges, and $53 for hospital charges, making a total amount of $436.21, for which he asks judgment, with 7 per cent. interest from March 4, 1930.

The answer admits the illness of defendant's son; admits that plaintiff went to Denver, and paid out the items charged, but denies that he ever agreed to repay plaintiff for such expenditures. The answer further states that the son was of full age, married, had sufficient money and property to pay all of his hospital and funeral expenses, but that, instead of applying such money for such purpose, the widow, with the knowledge, connivance, and insistence of the plaintiff, appropriated such moneys to her own use; further interposes the statute of frauds, as the alleged promise, not being in writing, is void because it is to answer for the debt and default of another.

The plaintiff testifies that he did not want to go to Denver, but the defendant insisted on his going, and made a promise to pay for any expenses on behalf of Edward, the defendant's son, who was sick. On the other hand, the defendant testifies: "I said pay out the money yet and when he came back that could be straightened out. I never did tell that I would pay him back." Then the question was asked: "Didn't you so testify in county court you thought he might die before he could get out there to see about it?" and his answer is, "Maybe I did." The son's estate was never administered, as the son had paid out all of his money for sickness and expenses, and he had no money at the time he died.

At the close of plaintiff's testimony, both parties moved the court for a directed verdict, and appellant insists that in such a case it is the duty of the court to dismiss the jury and decide the case, but in this case the court overruled both motions for a directed verdict, and continued on with the evidence of the defendant, and allowed the case to go to the jury.

The plaintiff's first proposition relied upon for a reversal is: "Where both parties at the close of plaintiff's evidence move the court for a directed verdict without reservations, it is the duty of the court to render its decision without submitting the cause to the jury"—citing, in support thereof, *Adams v. City of Omaha*, 119 Neb. 753.

The majority rule is that, where each of the parties requests the court to direct a verdict in his favor, and makes no other or different request that the jury shall be allowed to determine any question of fact, the parties will be presumed to have waived the right to a trial by jury. However, if such a motion is coupled with a request for other instructions, then there is no waiver of submission of the case to the jury, but if neither party desires to have any question determined by the jury, then the court may decide the facts. *Manska v. San Benito Land Co.*, 191 Ia. 1284, 18 A. L. R. 1430; *Stevens v. Mutual Protection Fire Ins. Co.*, 84 N. H. 275, 69 A. L. R. 624.

However, the motion for a directed verdict is always addressed to the sound discretion of the court, and it is not mandatory upon the court to direct a verdict, the court having a perfect right to submit the case to the jury if so desired, and there is no error in it. It was clearly within the discretion of the court to grant or refuse the requests made, or either of them.

In the case at bar, the trial was continued, and at the close of all the evidence, when each side had rested, neither of the parties renewed the motion for a directed verdict, and it was submitted to the jury, which returned a verdict for the defendant.

We realize that in some states it is held that, when motions for directed verdicts are made by both parties, in a case where a jury may be waived, the court must decide the questions of fact as well as law. *Joseph Milling Co. v. First Bank of Joseph,* 109 Or. 1, 29 A. L. R. 358.

However, we do not adopt this rule in Nebraska, and we believe it better practice to leave the trial judge free to act as in his judgment will best serve the interests of justice.

In the case at bar, the trial judge decided that the case depended upon a question of fact, and decided to submit such questions to the jury at the close of all the evidence. There being a sharp conflict in the evidence, and the jury having by their verdict decided those questions, we feel bound thereby, and do not agree with the appellant that it is against the weight of the evidence.

We have carefully examined the objections made to the instructions, but appellant did not tender better instructions, and finding no reversible error therein, the judgment of the trial court is hereby

AFFIRMED.