### TODD v FIDELITY & CASUALTY CO OF NEW YORK

Ohio Appeals, 6th Dist, Lucas Co

Decided May 25, 1936

Harold A. James, Toledo, and Doyle & Lewis, Toledo, for appellee.

W. W. Campbell, Toledo, and George H. Lewis, Toledo, for appellant.

## OPINION

**By OVERMYER, J.**

This is an appeal on questions of law in an action for money only brought by George M. Todd against the Fidelity & Casualty Company of New York. Issue was joined and on trial to a jury, at the conclusion of plaintiff's evidence, the defendant company moved for a directed verdict in its favor, which motion was overruled. Thereupon the defendant rested, and both sides rested, and the following proceedings appear in the record:

"By Mr. Campbell: The defendant renews its motion for a directed verdict.

"By the Court: Overruled.

"By Mr. James: Just a minute.

"By Mr. Campbell: Exception.

"By Mr. James: The plaintiff now moves for a directed verdict on the evidence.

"By Mr. Campbell: I want to know what the court holds the record is now?

"By the Court: The court will hold that they are double motions.

"By Mr. Campbell: Now pending before the court?

"By the Court: Yes.

"By Mr. Campbell: The defendant withdraws his.

"By Mr. James: Our motion will stand.

"By the Court: I will grant your motion.

"By Mr. Campbell: Exception."

Thereupon the court directed the jury to return a verdict for the plaintiff in the amount determined by the court to be due the plaintiff.

Clearly, when the defendant withdrew its motion, which it had a right to withdraw after the court ruled that both motions were pending, there remained only the plaintiff's motion pending and the jury could not be discharged from a consideration of the facts, there being fact issues presented by the evidence. **P., C., C. & St. L. Ry. Co. v Luthy,** 112 Oh St 321, 147 NE 336; **Need v Hershman,** 103 Oh St 12, 132 NE 19, 18 A.L.R. 1419.

The defendant's withdrawal of its mo-

tion for a directed verdict was tantamount to a request to submit the case to the jury, and failure to so submit it was prejudicial error requiring a reversal.

Judgment reversed and cause remanded.

CARPENTER, J, concurs.
LLOYD, J, not participating.