Matthias, J.
Although somewhat lengthy, substantially the whole colloquy between counsel and the trial court regard *196 iiig the subject at issue is included in our statement of facts for the purpose of setting forth clearly the typical situation which has, with slight deviations, plagued this court and the other courts of the state since the adoption of the following rule in the case of First National Bank v. Hayes & Sons, 64 Ohio St., 100, 59 N. E., 893:
“Where, at the conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury, and where the party whose request is denied, does not thereupon request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence.”
Appellant states, as follows, the “sole question presented by this appeal”:
“Does a trial judge, at the close of [the] case after both parties have rested and after both parties have made a motion for a directed verdict without reservation, have the right and/or the duty to take the case from the jury, where a jury issue is presented, and decide the questions of law and fact without first passing on either pending motion?”
Although this question might be said to be disposed of by later rulings of this court pertaining to ramifications of the above-stated rule of the Rayes case (see Nead v. Hershman, 103 Ohio St., 12, 132 N. E., 19, 18 A. L. R., 1419, and Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Luthy, Admr., 112 Ohio St., 321, 326, 327, 147 N. E., 336), it is our opinion that such a ruling in this instance would only compound confusion upon confusion, and that the entire subject of consecutive motions for directed verdict, i. e., where the second moving party presents his motion prior to the court’s ruling on the motion of the first moving party, and the court, therefore, has at the same time both motions before it for decision, deserves a thorough re-examination.
It .is, then, our purpose in considering the facts of the instant case to re-examine the above-stated rule of the Hayes case in the light of experience and practice thereunder in order to determine whether it should stand, or whether experience, reason and good conscience dictate that it should be altered or abolished. Although we fully realize the importance of the *197 doctrine of stare decisis, we are also aware of the fact that this doctrine should not be, and has never been, used as the sole reason for the perpetuation of a stated rule of law which has proved to be unsound and unjust.
Before examining the reason for the rule of the Hayes case, we will consider its operational effect in this state as evidenced by decisions of this court on the subject subsequent thereto. A brief glance at the treatment of the subject in 39 Ohio Jurisprudence, 875 et seq., Sections 219 through 224, shows that the following exceptions and ramifications of the rule, found to exist by this court, are but a small part of the exceptions and ramifications of the rule dealt with by the lower courts of the state.
With respect to the rule announced in the Hayes case, this court has made the following holdings:
In Turner v. Pope Motor Car Co., 79 Ohio St., 153, 86 N. E., 651, that a plaintiff cannot dismiss his suit without prejudice, where the court has announced its decision on the matter after both parties have completed their cases and have consecutively moved for directed verdicts.
In Strangward v. American Brass Bedstead Co., 82 Ohio St., 121, 91 N. E., 988, that consecutive motions by both parties for judgment on the pleadings, before the presentation of any evidence, constitute waivers of trial by jury, and a submission of the case to the court.
In Perkins v. Board of County Commissioners, 88 Ohio St., 495, 103 N. E., 377, that, where consecutive motions for directed verdict are made, the first in time by the defendant and the second by the plaintiff, the trial court errs in refusing to allow the request of the first moving party, after the overruling of his motion, that the cause be submitted to the jury and in then proceeding to sustain the motion of the second moving party.
In Nead v. Hershman, supra (103 Ohio St., 12), that, where consecutive motions for directed verdict are made, again the first, in timé by the defendant and the second by the plaintiff, the trial court errs in passing on the latter motion first, sustaining it, and in thereafter refusing the prior moving party’s request to withdraw his motion and to submit the case to the jury.
In Ry. Co. v. Luthy, Admr., supra (112 Ohio St., 321), the Nead case, supra, was substantially approved,
*198 In Industrial Commission v. Carden, 129 Ohio St., 344, 195 N. E., 551 (in the third and fourth paragraphs of the syllabus), that, “where at the close of all the testimony, both parties to the litigation move for an instructed verdict, the ‘most favorable light’ rule disappears and the trial court must consider the testimony of each side for just what it is worth,” and “under such circumstances the trial court sits as a jury.”
In Buckeye State Building & Loan Co. v. Schmidt, 131 Ohio St., 132, 2 N. E. (2d), 264 (first and third paragraphs of the syllabus), that “counsel waive the right to have a jury pass on questions of fact and submit their case to the court for determination on both the facts and the law where, at the close of all the evidence in a jury case, counsel for plaintiff moves for a directed verdict and counsel for defendant moves for judgment, without any reservations, whereupon the trial judge announces he will dispose of the case, discharging the jury, without objection, and both counsel then argue the case to the court on the merits, at the conclusion of which argument counsel for defendant, upon provocation by opposing counsel, indicates an intention to withdraw his motion and expresses the opinion that the court had no right to discharge the jury, but does nothing more, and subsequently agrees to submit a memorandum on the law applicable to the case,” and that, “when in such case the findings and judgment of the court in favor of the plaintiff are supported by substantial evidence with a correct application of legal principles, they will not be disturbed by a reviewing court on error.”
In Levick v. Bonnell, 137 Ohio St., 453, 30 N. E. (2d), 808, that, since, by virtue of the Hayes case, upon the making of consecutive motions for directed verdict the parties clothe the trial court with the functions of a jury, the court, following its favorable ruling on one of the motions, is also susceptible to a timely motion for separate findings of fact and conclusions of law.
And in Satterthwaite v. Morgan, Jr., 141 Ohio St., 447, 48 N. E. (2d), 653, that, where the motion for a directed verdict by the first moving party is ruled upon before the motion by the second moving party is made, the motions are not consecutive in the sense that word is used herein, and the rule of the Hayes case is inapplicable,
*199 Although it can not be concluded that substantial justice was not rendered in each of the above cases, or that all the exceptions and ramifications of the rule in the Hayes case are not necessary to the rendering of substantial justice under that rule, it can most definitely be concluded that an attorney stands a very good chance of forfeiting the constitutional right of his client to a jury trial through the simple process of requesting from the trial court what is ordinarily considered a ruling on a matter of law — a directed verdict.
Under the present status of the law in Ohio, as evidenced by those cases, an attorney who, after all the evidence is in, moves the court without reservation for a directed verdict, and who is joined in such a motion without reservation by opposing counsel, does not know upon what basis his case is to be judged. That is, he does not know whether the trial court will make a general finding based upon the weight of the evidence, or whether it will direct a verdict, based upon its determination that reasonable minds could come to but one conclusion.
Many of the eases in point make no clear distinction on the subject. The language of the first paragraph of the syllabus of the Hayes case is that “where the party whose request is denied, does not thereupon request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence.”
There was a directed verdict in the Hayes case, and under the usual terms of such a verdict the reviewable question is whether the trial court erred in finding as a matter of law that reasonable minds could come to but one conclusion regarding a verdict. That is, whether either of the parties failed as a matter of law to make out a prima facie case or defense. See Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, 189 N. E., 246, wherein the third and fourth paragraphs of the syllabus are as follows:
“3. Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion *200 is adverse to such party, the judge should direct a verdict against him.
“4. Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence.” (Emphasis added.)
According to the above-emphasized phrase of the Hayes case, however, it is clear that where consecutive motions for directed verdict are made, the decision following them will be considered for purposes of review as a general verdict, based upon the weight of the evidence, regardless of whether the trial court sustained one motion or overruled both and in fact made such a general finding.
Compare this, however, with the following language of the Luthy case, supra (112 Ohio St., 321), wherein it was found to be error for the trial court to rule favorably on plaintiff’s subsequent motion without first disposing of defendant’s prior motion and giving defendant an opportunity to reserve consideration of the facts in issue for the jury:
“Counsel for defendant, then, did all they could do under the circumstances to protect the rights of their client by excepting to the action of the court in directing a verdict for the plaintiff, for that action of the court made it impossible to have the issue of fact determined by the jury no matter what request might then have been made.
“If the procedure here adopted were to be approved, counsel for defendant could never make a motion for a directed verdict, and thus endeavor to procure the opinion and judgment of a trial court upon a question of laiv, without jeopardizing the right of his client to have a submission of his cause to the jury, for he would know that in the event counsel for the plaintiff made a similar motion the court might immediately determine not only questions of law but questions of fact in behalf of plaintiff.” (Emphasis added.)
In the Luthy case, then, the court considered that a ruling on a motion for a directed verdict, even where consecutive motions were before the trial court, entailed a ruling-on a question of law, that there could conceivably be issues of fact remaining after the disposition of such motions which should go to the *201 jury, and that counsel should be given an opportunity to request such submission.
It must be noted, however, that there ivas a directed verdict in the Luthy case, and under the language above quoted it would seem to be the law that either moving party is entitled, by making reservation, to go to the jury even though the trial court should, upon a consideration of consecutive motions, determine that the prior motion was without merit for the reason that upon a consideration of all the evidence and fair inferences drawn therefrom, viewed in the light most favorable to such prior moving party, reasonable minds could but find in favor of the latter moving party, and that his motion should, as a matter of law, be sustained. See, also, Perkins v. Commissioners, supra (88 Ohio St., 495).
Now compare the above-quoted third and fourth paragraphs of the syllabus of Industrial Commission v. Carden, supra (129 Ohio St., 344), a later ease than the Luthy case, wherein it was held that upon a consideration of consecutive motions for directed verdict the “most favorable light” rule disappears, and “under such circumstances the trial court sits as a jury.” The judgment of the trial court in the Carden case resulted from a directed verdict for the plaintiff, and, irrespective of the fact that this court proceeded to render final judgment for the Industrial Commission as a matter of law, it is seen by that part of the syllabus quoted that this court again considered the ruling of the trial court as a general verdict based upon the weight of the evidence.
This attitude is apparently in direct conflict with the view of this court regarding the basis for rulings on consecutive motions for directed verdict as set out in the Luthy case and hereinbefore quoted. The Levick case, supra (137 Ohio St., 453), also contains conclusions which conflict with the view in the Luthy case.
Our conclusion regarding the apparent conflicts in this series of cases will be set out hereinafter, but we will now proceed to examine the reasons for the rule established by the Hayes case. The authorities cited in that case to support the rule therein announced are Mascott v. First National Fire Ins. Co., 69 Vt., 116, 37 A., 255; New England Mortgage Security Co. v. Great Western Elevator Co., 6 N. D., 407, 71 N. W., 130; *202 Trustees of East Hampton v. Vail, 151 N. Y., 463, 45 N. E., 1030; and Clason v. Baldwin, 152 N. Y., 204, 46 N. E., 322.
In the Mascott case it was found as a matter of fact that neither party desired to submit issues of fact to the jury, and a later case negatives the implication that Vermont would agree with the rules of the Hayes case and its successors. See Mason v. Sault, 93 Vt., 412, 414, 108 A., 267, 18 A. L. R., 1426, wherein the Supreme Court of Vermont lucidly set forth its attitude toward the instant question, as follows:
“The mere fact that a party moves the court to direct a verdict in his favor does not amount to a waiver of the right, if such he has, to have the case submitted to the jury. Such a motion is in the nature of a demurrer to the evidence of the adverse party and challenges his right to go to the jury; but the moving party does not thereby concede that the case should be taken from the jury and submitted to the court on the evidence. * * * [but] if there is no conflict in the evidence nor any dispute as to the facts, there is nothing for the jury. The only questions to be determined upon the evidence are then questions of law, which can be determined only by the court.” (Emphasis added.)
The Security Co. case and the New York cases do indeed support the rule announced in the Hayes case, which rule is, in fact, supported by respectable authority. For a general discussion of authority pro and con, see 53 American Jurisprudence, 274 et seq., Sections 341 to 346; 88 Corpus Juris Secundum, 616, Section 256 b; annotation, 18 A. L. R., 1433; and 39 Ohio Jurisprudence, 875 et seq., Sections 219 to 224.
The New York rule regarding directed verdicts is discussed in the following quotation from the opinion in the case of Wolf v. Chicago Sign Printing Co., 233 Ill., 501, 503, 84 N. E., 614, which opinion also presents a strikingly impressive argument, based on common sense and good reason, as to the law and procedure which should accompany the placing of consecutive motions for directed verdict before a trial court:
“The assignment of error to which the argument is devoted is that the court erred in instructing the jury to return a verdict for the plaintiff, and especially in directing an assessment of interest from the date of the check. In answer to the argument on that question it is contended that each party having *203 moved the court to direct a verdict in favor of such party, they waived the right to submit any question to the jury and elected to submit the case to the court for its decision, both upon the law and the facts. Section 60 of the Practice Act provides for the waiver of a jury trial and a trial by the court of both matters of law and fact in case both parties shall so agree [a section generally comparable with Section 2315.20, Revised Code], * * # There was no such waiver of a jury trial in this case, and if the right to a verdict of the jury upon the facts was waived it was only by implication, and this court has not recognized any waiver of the kind insisted upon here.
“When the practice of demurring to the evidence fell into disuse and that of making a motion that the court direct a verdict was substituted, some difference arose in the decisions of the different courts as to the nature and effect of such a motion, but the ground of the motion and the practice have been thoroughly settled in this state. The motion to direct a verdict raises only a question of law as to the legal sufficiency of the evidence to sustain a verdict against the party making the motion * * * [citations of Illinois cases supporting this rule, which rule it must be noted is essentially that set out in the Hamden Lodge case, supra (127 Ohio St., 469)]. In the event of an adverse ruling on the motion to direct a verdict, an exception preserves the question of law for the consideration of an appellate tribunal. The submission of a question of fact to the jury does not waive the question of law already passed upon by the court where the rights of the party have been properly preserved * * * [citing further Illinois authority]. Some courts have held that where both parties ask the trial court to direct the verdict it amounts to a request that the court shall find the facts and a waiver of any right to the judgment of the jury upon controverted questions of fact. The Supreme Court of the United States held to that doctrine in Buetell v. Magone, 157 U. S., 154, and said that by making the motion both parties affirmed that there was no disputed question of fact which could operate to deflect or control the question of law, and that this was necessarily a request that the court find the facts. That decision has, of course, been followed by the Circuit Court of 'Appeals, and there is a formidable list of cases in which it •has been applied by those courts. In New York, if any party *204 asks the court to direct a verdict and his motion is denied, he must then ask the court for leave to go to the jury upon questions of fact, and it is held that there is no question for the jury unless such a request is made. Accordingly, it is there held that if both parties ask the court to direct a verdict, and the court grants the motion of one party and the other makes no request to be allowed to go to the jury on questions of fact but acquiesces in the determination of such questions by the court, he has waived all objection to the mode of trial. In Thompson v. Simpson, 128 N. Y., 270, it is said that the effect of a request by each party for a direction of a verdict in his favor clothes the court with the functions of a jury, and the courts declare that the request by both parties for the direction of a verdict amounts to the submission of the whole case to the trial judge, and his decision upon the facts has the same effect as if the jury had found a verdict after the case was submitted to them * * * [citing New York cases]. It will readily be seen that such a rule would not be in harmony with our decisions, and to say that a request to the court to decide a pure question of laiv clothes the court with power to decide controverted questions of fact ivould be both illogical and inconsistent with the nature of the motion. Under our practice a request to withdraw a case from the jury could scarcely be converted into an application to the court to take the place of the jury and decide disputed questions of fact. After the court refuses to withdraw the case from the jury it is not requisite, in our practice, for the party to ask the court to allow the jury to decide it, which the court has already done by denying the motion. When one party asks the court to direct a verdict in his favor, the fact that the other party makes a similar motion cannot in any way affect the rights of the first party. If that were true, no party could make a motion for a directed verdict without waiving his right to trial by jury if his opponent chose to make the same motion [note the similarity between this language and that quoted from the Luthy case, supra].”
See, also, Manska v. San Benito Land Co., 191 Iowa, 1284, 184 N. W., 345, 18 A. L. R., 1430 (“such motions do not indicate any agreement or mutual concession by the parties, but rather an irreconcilable difference”); Cole v. Hartford Accident & Indemnity Co., 242 Iowa, 416, 46 N. W. (2d), 811 (“it is not *205 often the party who has the burden establishes his claim as a matter of law”); Catlett v. Chestnut, Exr., 107 Fla., 498, 510, 146 So., 241 (“a motion by each party for a directed verdict, without more, does not waive a jury and authorize the court to decide a controverted question of fact, as a matter of law, or render a general verdict on the facts, as a matter of law, where otherwise the case would be for the jury”); Stevens v. Mutual Protection Fire Ins. Co., 84 N. H., 275, 282, 149 A., 498, 69 A. L. R., 624 (“we fail to see in this operation the remotest implication of an offer to join with the defendant in submitting the disputed questions of fact to the court in case of an adverse ruling followed by a like motion by his adversary,” and “in submitting separate successive motions, each followed by a denial [thereof], the acts, claims and purposes of the parties throughout are independent, adverse and antagonistic”); and Poppitz v. German Ins. Co. of Freeport, 85 Minn., 118, 88 N. W., 438, where it was held that, although a jury trial may be waived, where such waiver is not made pursuant to statute, but is to be implied from actions, “the intention to waive must clearly and unequivocably appear,” and that, “when not appearing in the mode pointed out by the statute, all reasonable presumptions are against the waiver.” It is noted that G. S. 1894, Section 5385, the Minnesota statute referred to in that case and now Minn. Stats. Ann., 546.26, relating to waiver of trial by jury in civil actions, is very similar in content and wording to Section 2315.20, Revised Code.
As has been indicated, the cases which adhere to the rule as announced in the Hayes case are based essentially upon two lines of reasoning: (1) That upon the making of consecutive motions for directed verdict each party has thereby indicated his desire to waive his right to a jury trial, and (2) the making of such motions indicates an agreement between the parties that there is no question of fact in the case and that it becomes the duty of the court to decide the case as a matter of law — although even in the latter described jurisdictions it is generally held that the court’s decision will, on appeal, be tested as a general verdict based on the weight of the evidence rather than as a verdict based on the conclusion of law that reasonable minds could come to but one conclusion.
Without pursuing the conflicting interstate and intrastate *206 lines of reasoning regarding this question further, we have herein shown that the rule announced by this court in 1901 in the first paragraph of the syllabus of the Hayes case is not based on reasoning which is in harmony with the general law of the state of Ohio regarding motions for directed verdict, that such ruling is artificial in that the reasons given to support it, i. e., mutual agreement to waive the jury or mutual agreement that the facts are undisputed, are not based on sound conclusions, and that the many ramifications and exceptions which this court has been forced to engraft onto the rule in order to render substantial justice in its application have proved beyond all doubt that in practice and experience the rule has become nothing more than a trap for the inexperienced or unwary — and, in fact, a trap for him who, although experienced and wary, cannot foretell what the next exception or ramification of the rule of the Hayes case will be.
The instant case originated in the Municipal Court where a jury is deemed waived unless demanded in writing as provided by rule of court. See Section 1901.24, Revised Code. The statutes are silent, however, as to specific provisions concerning the subsequent waiver of a demanded jury in the Municipal Court, and, therefore, once a jury is demanded, sworn and seated in the Municipal Court, the provisions of Section 2315.20, Revised Code, pertaining to the waiver of a jury in the Court of Common Pleas, are controlling so far as they are applicable by virtue of that part of Section 1901.21, Revised Code, which provides, inter alia:
“In any civil case or proceeding, if no special provision is made in Sections 1901.01 to 1901.38, inclusive, of the Revised Code, the practice and procedure shall be the same as in Courts of Common Pleas.”
Section 2315.20, supra, provides:
“In actions arising on contract, trial by jury may be waived by the parties, and in other actions with the assent of the court as follows:
“(A) By consent of the party appearing, when the other party fails to appear at the trial, in person or by attorney;
“(B) By written consent, in person or by attorney, filed with the clerk;
“(C) By oral consent in open court entered on the journal.”
*207 The right to a jury trial is constitutional, and the finding of a waiver of a constitutional right is and should always be hesitantly made by a court. The constitutionality of a directed verdict is upheld only on the theory that a motion therefor calls for a legal determination as to the sufficiency of the evidence of one of the litigants to present a question of fact which a jury should decide. See Keller v. Stark Electric Ry. Co., 102 Ohio St., 114, 130 N. E., 508.
It is seen that the- rule of the Hayes case is not justified by any of the provisions of Section 2315.20, and with respect to that case and its successors as controlling precedents we feel that the following language of Davis, J., in the case of State, ex rel. Guilbert, Aud., v. Yates, Aud., 66 Ohio St., 546, 548, 64 N. E., 570, is particularly apt:
“No amount of wrong adjudication can justify a practical abrogation of the Constitution. We may well pause and consider carefully when we find our views to be in conflict with those entertained by our predecessors; but if it be found that the conflict is honestly irreconcilable, there is but one course to take, and that is to follow our own convictions. ’ ’
Since neither experience nor reason and justice support the rule, but in fact militate against it, this court would be doing less than its duty, even giving due and careful consideration to the rule of stare decisis, to perpetuate it or add yet another ramification or exception.
We conclude, therefore, that, where at the conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties do not thereby clothe the court with the functions of a jury, but that they merely request a ruling on a question of law. At that point, unless both parties have expressly waived the jury, as provided in Section 2315.20, Revised Code, it becomes the sole duty of the trial court to scrutinize the case presented by each party in the light of the law of Ohio relative to directed verdicts, as set foi’th in the syllabus of the Hamden Lodge case, supra (127 Ohio St., 469), and to render its decisions on the motions based thereon. If it should conclude that reasonable minds could come to but one conclusion and that there is no question of fact for the jury, then it is its duty to sustain the motion of the successful party and to overrule the motion of the other party, and *208 the question for review will be solely whether the trial court erred as a matter of law in its ruling. If, on the other hand, the court finds that it cannot sustain either motion, thereby determining that there exists in the cause a question or questions of fact upon which reasonable minds could reach different conclusions, based on the evidence, then it is its duty to submit the cause to the jury for a finding upon such facts without the necessity of a request by counsel for such submission. In such case, if proper exceptions are noted, a reviewing court may have before it both the rulings on the motions and the verdict of the jury, but at least it will have a clear picture as to which it can apply the ordinary rules and tests.
The judgment of the Court of Appeals is affirmed, but for the reasons herein set out and since the trial court rendered its judgment “on the merits,” without passing on either motion, the cause is remanded thereto for further proceedings consistent herewith.

Judgment affirmed and cause remanded.

Stewart, Taft, Bell and Herbert, JJ., concur.
Zimmerman, J., concurs in the judgment but dissents from the syllabus and opinion.
Weygandt, C. J., dissents.